**Marquis & Aurbach**
ALBERT G. MARQUIS, ESQ.
Nevada Bar No. 1919
JASON M. GERBER, ESQ.
Nevada Bar No. 9812
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711/Fax: (702) 856-8914
E-mail: jgerber@marquisaurbach.com

ROBERT W. MCINTYRE (0006768)
MCINTYRE KAHN & KRUSE CO., L.P.A.
The Galleria & Towers at Erieview
1301 East Ninth Street, Suite 2200
Cleveland, Ohio 44114
Telephone: (216) 579-4114/Facsimile: (216) 579-0605
Email: info@mkkglaw.com
**Attorneys for Plaintiff Volvo Construction Equipment Rents, Inc.**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VOLVO CONSTRUCTION EQUIPMENT RENTS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>NRL RENTALS, L.L.C., NRL TEXAS RENTALS, L.L.C., NRL SAN ANTONIO RENTALS, LP, ROBERT BALLI, HILARY BALLI, R& H.P. BALLI FAMILY TRUST, BOSWORTH NEVADA INVESTMENTS LLC, DWIGHT BOSWORTH, MARCEL BOSWORTH, MARINE QUEST-JOE POOL, LP, MARINE QUEST-TEXOMA, LP, MARINE QUEST-CAPTAINS COVE, LP, MARINE QUEST-EAGLE MOUNTAIN, LP, MARINE QUEST-ANDERSON MILL, LP, MARINE QUEST-MARSHALL FORD, LP, MARINE QUEST-HARBOR ONE, LP, MARINE QUEST-BOZ I, LP, MARINE QUEST-HIDDEN COVE LP, MARINE QUEST-EXECUTIVE, LP, MARINE QUEST-CHANDLER'S LANCING, LP, MARINE QUEST-LAKE COUNTRY, JEFFERSON BANK, JEFFERSON BANK-ARLINGTON LPO, PLAINSCAPITAL BANK,<br><br>Defendants. | Case No:   2:09-cv-32<br><br>**EMERGENCY EXPARTE APPLICATION FOR WRIT OF POSSESSION** |

M&A:10933-001 774878_1 3/27/2009 11:52 AM

Pursuant to NRS 31.840 through 31.950, Plaintiff, Volvo Construction Equipment Rents, Inc. ("Volvo"), by and through its attorneys, Robert W. McIntyre Esq. of McIntyre, Kahn, and Kruse (of Cleveland, Ohio, admitted pro hac vice before this court on February 26, 2009, Docket #12) and Jason M. Gerber, Esq. of the law firm of Marquis & Aurbach, hereby files its Emergency Ex Parte Application for Writ of Possession.

This Application is based upon the pleadings, papers, and documents filed by Plaintiff herein, the Affidavit of Mr. Martin Moore, Vice President–North America, of Plaintiff VRI; in Support of Writ of Possession, and the Points and Authorities attached hereto.

DATED this 27th day of March, 2009.

Respectfully submitted:

/s/ Jason M. Gerber, Esq.
ALBERT G. MARQUIS, ESQ.
Nevada Bar No. 1919
JASON M. GERBER, ESQ.
Nevada Bar No. 9812
10001 Park Run Drive
Las Vegas, NV 89145

Respectfully submitted,

/s/ Robert W. McIntyre, Esq.
ROBERT W. MCINTYRE (0006768)
MCINTYRE KAHN & KRUSE CO., L.P.A.
The Galleria & Towers at Erieview
1301 East Ninth Street, Suite 2200
Cleveland, Ohio 44114
**Attorneys for Plaintiff Volvo Construction Equipment Rents, Inc.**

M&A:10933-001 774878_1 3/27/2009 11:52 AM

# POINTS AND AUTHORITIES

## I.  INTRODUCTION.

Volvo applies to this Court for the immediate issuance of a Writ of Possession without notice to the Defendants, ordering the United States Marshall to take possession of the Collateral (the "Collateral" is more fully set forth on the attached Collateral List, which is incorporated herein) and keep the Collateral safe from destruction, serious harm, concealment, removal, or sale to innocent purchasers, and to protect millions of dollars in equipment encumbered by Volvo's perfected security interest.

Volvo perfected and recorded security interest in machinery and equipment in Nevada and Texas that is currently in the hands of the defendants who have materially breached their obligations to Volvo and threaten to improperly transfer, waste or otherwise dispose of the equipment and materials. The Defendants - NRL Rentals, LLC, NRL Texas Rentals, LLC, and NRL San Antonio Rentals, LP, (collectivity referred to as the "NRL Defendants") - have materially defaulted on their payments and responsibilities on the underlying obligations to Volvo. As such, Volvo is entitled to possession of the equipment and to a writ of possession issued by this court without notice.

## II.  STATEMENT OF FACTS

The facts pertinent to this Application are more fully set forth in the Statement of Facts provided in Volvo's Complaint filed on January 6, 2009. (#1). As stated in the Complaint, between 2004 and 2006 Volvo and the NRL Defendants entered into several Franchise Agreements granting the NRL Defendants the opportunity to operate Volvo Equipment Rental franchises in Las Vegas and Reno, Nevada and in San Antonio, Texas. (#1 at ¶¶ 21-23). However, after years of the NRL Defendants' apparent mismanagement, wrongful use and transfer of equipment and possible fraud, Volvo terminated the Volvo Rents franchise in Las Vegas in January of 2009.

M&A:10933-001 774878_1 3/27/2009 11:52 AM

A. **FINANCING THE NRL DEFENDANTS' PURCHASE OF EQUIPMENT AND MATERIAL.**

To operate the various franchises authorized by Volvo, the NRL Defendants obtained financing from Volvo Commercial Financing, Inc and Volvo Financial Services Inc. (#1 at ¶24). Neither of the Volvo Financing entities are party to this litigation and have assigned their secured interests in equipment and materials to Volvo.[1] During 2005 and 2006, Volvo and the NRL Defendants entered into numerous loan agreements providing financing for equipment and materials to be used in the Nevada and Texas franchises. (#1 at ¶¶ 31-33). The Loan Documents associated with these transactions include Promissory Notes, Revolving Credit Loan Agreements, and Security Agreements that are all beneficial to Volvo's assignors. The Loan Documents were later amended so as to include Defendants NRL Texas Rentals, LLC, and NRL San Antonio Rentals, LP, as additional obligors under said Loan Documents. (#1 at ¶¶ 31-32).

Once the financing was in place, Volvo sold its equipment and materials to the NRL Defendants and the Volvo Financing entities proceeded to finance the purchase of this equipment and materials (the "Collateral").[2] The Volvo Financing entities, thereafter, obtained a written purchase money first security interest in the equipment and other Collateral sold and financed. (#1 at ¶ 27). The Volvo Financing entities also promptly and timely recorded UCC Financing Statements with the Nevada Recorders Office. See **Exhibit 1** at ¶4.

B. **THE COLLATERAL.**

The equipment that constitutes a substantial part of the Collateral is light and heavy construction and earthmoving equipment and highway vehicles such as equipment hauling trucks and trailers. See **Exhibit 2**. Much of the equipment, particularly the hauling trucks, is readily

---

[1] See Affidavit of Martin A. Moore, Vice President-North America for Volvo Construction Equipment Rental, Inc attached as **Exhibit 1**.

[2] See Collateral List attached as Exhibit A to Mr. Martin's Affidavit and separately attached to this application for the convenience of the Court as **Exhibit 2**.

M&A:10933-001 774878_1 3/27/2009 11:52 AM

transportable and concealable. See **Exhibit 1** at ¶ 8. Further, the trucks and hauling equipment are all highway legal, easily moved and concealed. Id. Upon information and belief, there is a substantial inventory of parts, shop equipment, and other elements of the Collateral located at the 5255 South Valley View Ave. premises formerly operated by the NRL Defendants in Las Vegas, all of which is easily transportable, concealable, and saleable to any number of potential users. See **Exhibit 1** at ¶5. As such, Volvo has legitimate concerns the Collateral can and will be transferred or moved quickly and easily without concern for Volvo's legitimate security interests. See **Exhibit 1** at ¶¶ 7-8.

C.   **THE NRL DEFENDANTS' HISTORY OF MISCONDUCT, BREACH AND ALLEGED FRAUD.**

Volvo believes the Collateral is threatened based on the NRL Defendants' history of wrongful acts and failures to live up to their duties and obligations. (#1). Currently, the NRL Defendants and their principals are in arrears to Volvo in excess of $8,700,000.00. See **Exhibit 1** at ¶6. This failure to pay is a breach of the Loan Documents justifying the exercise of Volvo's rights in its security interests. See **Exhibit 1**. Moreover, Volvo believes the NRL Defendants have already sold portions of the Collateral in derogation of their responsibilities pursuant to their agreements with Volvo. See **Exhibit 1** at ¶10. The NRL Defendants are also threatening the value of the Collateral still in their possession by failing to maintain the equipment in proper working order – another breach of their responsibilities. See **Exhibit 1** at ¶12. Most importantly, Volvo learned that trucks and machine haulers have been removed from the Las Vegas Volvo Rents shop - controlled by the NRL Defendants – and moved to an unknown location since service of the Complaint this week.[3] Volvo, therefore, believes the process of moving, concealing or improperly transferring the Collateral is already occurring.

---

[3] See Affidavit of Jason M. Gerber filed separately in support of this Emergency Ex Parte Application for Writ of Possession.

M&A:10933-001 774878_1 3/27/2009 11:52 AM

Finally, upon information and belief, Volvo alleges the NRL Defendants are continuing to use the Collateral for their own benefit without making the required payments to Volvo. See **Exhibit 1** at ¶11. NRL Rentals LLC was terminated as a "Volvo Rents" franchisee in January, 2009 and is no longer permitted to do business or use the Collateral for any business purpose. Id. However, an entity known as Vegas Rents, which is believed to be associated with the NRL Defendants, has now opened operations at the former Volvo Rents shop in Las Vegas. Id. In fact, Vegas Rents is listed in Clark County, Nevada as a fictitious firm name for an entity owned by Roberto Balli – an NRL Defendant principal.[4] Vegas Rents presently has physical possession of and is using the Collateral for its business purposes. See **Exhibit** 1 at ¶ 11. Volvo believes Vegas Rents is renting and/or selling the Collateral for payment to end users and is selling or using the inventory and cash Collateral for its own purposes in Texas and Nevada without payment to Volvo. Id.

The NRL Defendants are in financial and material breach of their obligations to Volvo, have defaulted on their loans and have failed to fulfill their obligations under the Notes, the Credit Agreements and the Security Agreements. See **Exhibit 1** at ¶6. As of March 24, 2009, the Therefore, pursuant to the terms of the Security Agreements and failure to pay the underlying obligation, Volvo is entitled to immediate possession of all of its Collateral, wherever located and the right to foreclose thereon.

**D.    THE THREAT TO COLLATERAL.**

Plaintiff believes that unless it gains immediate and exclusive possession the Collateral will be converted, sold, or otherwise permanently disposed of by the Defendants. See **Exhibit 1** at ¶¶ 7, 10 and 12. Moreover, Defendants have in the past "lost" Collateral and failed to maintain valuable units of the equipment as part of the Collateral, thereby threatening

---

[4] See Clark County Fictitious Entity Name search record for Vegas Rents attached as **Exhibit 3**.

M&A:10933-001 774878_1 3/27/2009 11:52 AM

diminishing the value of the Collateral. (#1).  Further, on information and belief, Plaintiff states that substantial units of the equipment Collateral and substantial amounts of other Collateral are located (i) at the premises of the NRL Defendants in Clark County Nevada at 5255 South Valley View Ave. in Las Vegas (ii) at various premises of the Defendants' rental customers in Clark County and the surrounding counties in Nevada; (iii) at certain premises owned and controlled by the Defendants in the Dallas, Texas area; and (iv) at various premises in Nevada and Texas controlled by unrelated parties.  See **Exhibit 1**.  As such, a writ of possession for all Collateral wherever located, is necessary to protect Volvo's security interests.

### III.  LEGAL AND ARGUMENT

Pursuant to NRS 31.856, this Court should immediately issue a Writ of Possession without notice to safeguard the Collateral from destruction, depletion, removal or sale to innocent purchasers. Federal Courts sitting in diversity apply state substantive law and federal procedural law.  Snead v. Metropolitan Property and Cas. Ins. Co., 237 F.3d 1080, 1090 (9th Cir. 2001) citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). In an action to recover the possession of personal property, the Plaintiff may at the time of issuing the summons claim delivery of such property.  NRS 31.840.

Prior to issuing a writ of attachment, a court may issue an order requiring a hearing to show cause why the property should not be take and delivered to the plaintiff. NRS 31.853.  In those circumstances, the hearing on the order to show cause must not be scheduled sooner than ten days after the order to show cause is issued. NRS 31.853.1.  A writ of possession, however, may also issue without notice and prior to a hearing if reasonable cause exists to believe that the property, by reason of threatened action by the holder, is in immediate danger of destruction, serious harm, concealment, removal form this state, or sale to an innocent purchaser. NRS

. . .

M&A:10933-001 774878_1 3/27/2009 11:52 AM

31.856.1 (c)(2). In this case, Volvo believes the exigent circumstances created by the NRL Defendants' conduct justify a writ to issue without notice or hearing.

### A. VOLVO IS ENTITLED TO POSSESSION OF THE COLLATERAL.

This Court should issue a writ of possession since the NRL Defendants' multiple and material breaches entitle Volvo to exercise its security interest and take possession of the Collateral. Where a Plaintiff seeks delivery of property and affidavit must be provided to the court showing: (1) the plaintiff is lawfully entitled to possession of property; (2) the property is wrongfully withheld by defendant, (3) the cause for the detention; (4) that the property has not been seized for a lawful purpose and (5) the actual value of the property. NRS 31.850.1-5. In this case, the affidavit submitted by Volvo satisfies these elements and warrants a writ of possession.

First, the NRL Defendants are in arrears to Volvo in excess of $8,700,000.00 in breach of their agreements with Volvo. See Exhibit 1 at ¶6. Further, Volvo believes the NRL Defendants have wrongfully transferred ownership of the Collateral in breach of their covenants and obligations to Volvo. See Exhibit 1 at ¶10. Additionally, Volvo is entitled to possession of the Collateral since the NRL Defendants are no longer an operating Volvo franchise. See Exhibit 1 at ¶11. Volvo, therefore, is entitled to possession of the Collateral by virtue of its security interest and the NRL Defendants' multiple breaches of their obligations. See Exhibit 1 at ¶4.

Volvo, furthermore, has provided the Court with the remaining information necessary to satisfy NRS 31.850. The NRL Defendants are currently withholding possession of the Collateral to wrongfully continue their operations under a new entity. See Exhibit 1 at ¶11. Further, to the best of Volvo's knowledge, the Collateral has not been taken for a tax, assessment or fine pursuant to a statute, or seized under an execution or an attachment against the property of the plaintiff, or, if so seized, that it is by statute exempt from such seizure. See Exhibit 1 at ¶ 18. Finally, the carrying value of the Collateral is $8,400,000.00 with a fair market value of less than $6,000,000.00. See Exhibit 1 at ¶5. The Collateral, therefore, is not even sufficient to satisfy the debts owed Volvo.

M&A:10933-001 774878_1 3/27/2009 11:52 AM

### B.  A WRIT OF POSSESSION WITHOUT NOTICE IS NECESSARY BECAUSE OF THE THREAT TO THE COLLATERAL.

Volvo has legitimate and well founded concerns about the loss, destruction or misappropriation of the Collateral that justify a writ of possession without notice. The NRL Defendants have already demonstrated a disregard for their obligations and duties with regard to the Collateral. (#1).  Some items secured by Volvo's interests were already sold to unknown third parties in violation of the NRL Defendants' responsibilities. See **Exhibit 1** at ¶¶ 7 and 10. Further, the NRL Defendants are already failing in their obligation to maintain the Collateral in working order thus damaging the value of Volvo's security interest. See **Exhibit 1** at ¶ 12. Volvo is also concerned the NRL Defendants make take additional steps to conceal, sell or otherwise interfere with Volvo's interests now that this litigation has commenced. See **Exhibit 1** at ¶ 14. The Collateral, therefore, is in immediate danger and is being threatened by the principals of the NRL Defendants.  Unless a writ of possession is issued without notice, Volvo is fearful that all the Collateral will be removed out-of-state, concealed, or sold to innocent purchasers.

### C.  NO WRITTEN UNDERTAKING OR BOND IS NECESSARY.

Volvo respectfully requests the Court issue a writ of possession without requiring a written undertaking or bond.  No writ of possession may issue pursuant to this section until the plaintiff has filed with the court an approved written undertaking as required by NRS 31.863. See NRS 31.856.3.  However, a bond is not required where there is reasonable cause to believe that the plaintiff is a secured party as defined by NRS 104. See NRS 31.836.2.  In this case, Volvo's security interest and the Defendants outstanding debt justifies a writ without an undertaking. See **Exhibits 1** and **2**. Volvo is currently the first security interest holder in all the Collateral. See **Exhibit 1** at ¶ 4 and 15. As such, the plain language of the statute allows the issuance of the writ without requiring a written undertaking.

M&A:10933-001 774878_1 3/27/2009 11:52 AM

Moreover, given the total debt at issue and the possibly diminishing value of the Collateral, a written undertaking is unnecessary and equitable. The total present carrying value of the Collateral for which Plaintiff seeks a Writ of Possession is at least $8,400,000.00. See **Exhibit 1** at ¶ 5. However the fair market value is presently estimated to be substantially less – somewhere in the range of $4,000,000.000 to $6,000,000.00. Id. The debt owed by the NRL Defendants, however, is in excess of $8,700,000.00. See **Exhibit 1** at ¶ 6.

It is inequitable, therefore, to require a written undertaking. In this case, the undertaking would need to be more than $16,000,000.00. See NRS 31.863.2. As such, Volvo would be expected to put up as much as four times the fair market value of property the NRL Defendants have improperly handled and allowed to fall into a state of disrepair. See **Exhibit 1** at ¶¶ 10 and 12. This Court should not require a multi million dollar bond simply to allow Volvo to secure equipment from the further and continued misconduct by the NRL Defendants. The value of NRL Defendants debt may be more than $2,000,000.00 in excess of the fair market Collateral value and a writ of possession may be the only way to protect Volvo's security interest. Volvo, therefore, requests that no bond, or any written undertaking, be ordered.

D.  **LOCATION AND COLLATERAL SUBJECT TO WRIT OF POSSESSION.**

Volvo respectfully requests the Court issue a writ of possession of the Collateral. See **Exhibit 2**. Volvo would like an order allowing the Federal Marshall to take possession of all Collateral at 6380 Ackerman Ave. in Las Vegas. Further, Volvo requests an order to take possession and for the immediate surrendered by the NRL Defendants of all Collateral of any kind at that address for the benefit of Volvo. Volvo additionally requests the Court order the immediate seizure of all Collateral located at any other locations owned, operated and or maintained by the NRL Defendants in Nevada and Texas - regardless of any alleged rights of the NRL Defendants or any others under any purported or alleged agreements, rental agreements, lease agreements, sale or other arrangements. Volvo requests the Court's order allow Volvo to

M&A:10933-001 774878_1 3/27/2009 11:52 AM

transport and sequester the recovered Collateral at locations determined by Volvo with notice to this Court.  Finally, Volvo requests the Court enjoin the NRL Defendants or any individuals or entities associated with the NRL Defendants, from using, selling, moving, transferring or encumbering any part of the Collateral.

IV.   **CONCLUSION**

Volvo requests this Court issue a writ of possession for the Collateral without notice. Volvo has provided the Court with the statutorily required affidavit demonstrating its right to possession of the Collateral, the Defendants wrongful detention of the Collateral and the value of the Collateral. Further, Volvo has demonstrated, based on the Defendants' past and current misconduct, a legitimate threat to the value of the Collateral through loss, theft, unlawful sale or destruction.  As a secured creditor, Volvo is also entitled to the writ of possession without a costly and inequitable undertaking and without notice.

DATED this 27th day of March, 2009.

Respectfully submitted:

/s/ Jason M. Gerber, Esq.
ALBERT G. MARQUIS, ESQ.
Nevada Bar No. 1919
JASON M. GERBER, ESQ.
Nevada Bar No. 9812
10001 Park Run Drive
Las Vegas, NV 89145


Respectfully submitted,

/s/ Robert W. McIntyre, Esq.
ROBERT W. MCINTYRE (0006768)
MCINTYRE KAHN & KRUSE CO., L.P.A.
The Galleria & Towers at Erieview
1301 East Ninth Street, Suite 2200
Cleveland, Ohio 44114
**Attorneys for Plaintiff Volvo Construction Equipment Rents, Inc.**

M&A:10933-001 774878_1 3/27/2009 11:52 AM