# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VOLVO CONSTRUCTION EQUIPMENT RENTS, INC.,

    Plaintiff,

v.

NRL RENTALS, LLC, et al.,

    Defendants.

2:09-CV-32 JCM (LRL)

## ORDER

Presently before the court is plaintiff Volvo Construction Equipment Rents, Inc.'s motion to reconsider (Doc. #198) Magistrate Judge Leavitt's order denying plaintiff's motion for an order to show cause. (Doc. #154). Defendants then filed a response to the motion. (Doc. #215).

This case stems from a construction equipment lease, upon which defendant NRL defaulted. Plaintiff was granted a writ of possession to recover the security on the lease. Magistrate Judge Leavitt denied plaintiff's motion for an order to show cause why the defendants should not be held in contempt for violations of plaintiff's writ of possession. (Doc. #154). Plaintiff asserts that Magistrate Judge Leavitt did not "go far enough" in redressing its concerns because Magistrate Judge Leavitt narrowly construed the initial writ of possession order. (Doc. #198). Plaintiff now asks for a de novo determination or de novo hearing regarding defendant's compliance with the initial writ of possession. *Id.*

The Ninth Circuit holds that civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply."

**James C. Mahan**
**U.S. District Judge**

*Reno Air Racing Association v. Jerry McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). To constitute civil contempt, there must be noncompliance with an order specifically requiring one to do or refrain from doing an act. *See id.* at 1132.

The order at issue here (Doc. #66) granted the plaintiff a writ of possession that could be executed at any location where security on the lease was found. Neither the order nor the writ (Doc. #68) expressly directed the defendants or their attorneys to do or refrain from doing anything. Magistrate Judge Leavitt held a day-long hearing regarding defendants' compliance with the order. The parties additionally briefed the question of whether a party can be held in civil contempt even though a court order does not expressly direct the party to do, or refrain from doing, anything. Plaintiff concedes that the writ and subsequent expansions of the writ do not identify or expressly prohibit the complained conduct of the defendants. (Doc. #198). Accordingly, defendants are not in contempt because there was no order specifically requiring them to do, or refrain from doing anything. To the extent that any of defendants' purported conduct has caused harm, plaintiff may seek additional monetary damages.

THEREFORE,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff's motion to reconsider Magistrate Judge Leavitt's order denying plaintiff's motion for an order to show cause. (Doc. #198) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file a reply brief in support of the motion for reconsideration (Doc. #223) is DENIED.

DATED this 12th day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE