# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

VOLVO CONSTRUCTION EQUIPMENT RENTS, INC.,

        Plaintiff,

v.

NRL RENTALS, LLC, et al.,

        Defendants.

2:09-CV-32 JCM (LRL)

## ORDER

Presently before the court is defendants' motion to reconsider Magistrate Judge Leavitt's order on defendants' motion for a protective order. (Doc. #297). Plaintiff Volvo Construction Equipment Rents, Inc. filed a response. (Doc. #309). Defendants filed a reply in support of their motion for reconsideration. (Doc. #315).

This case stems from a construction equipment lease, upon which defendant NRL defaulted. Plaintiff was granted a writ of possession to recover the security on the lease. Magistrate Judge Leavitt then partially granted defendants' motion for a protective order. (Doc. #290). The protective order stated that discovery production was to be limited to information directly related to a named defendant, or an employee or agent of a named defendant while acting on behalf of a named defendant. *Id.* Defendants now move this court to modify the protective order to protect their "confidential, proprietary, and privileged financial and tax information." (Doc. #299).

Discovery orders are non-dispositive pretrial orders. *Rockewee Int'l, Inc. V. Pos-A-Traction Indus. Ins.,* 712 F.2d 1324, 1325 (9th Cir. 1983) (per curiam). The law confers "broad discretion on

the trial court to decide when a protective order is appropriate and what degree of protection is required." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Furthermore, the party seeking protection bears the burden of showing the necessity of a protective order and the specific harm that discovery will cause. *Id*, at 1210-11. This court reviews a magistrate judge's decision on a non-dispositive motion under a deferential standard in which the moving party must show that the magistrate judge's decision was clearly erroneous. Fed R. Civ. P. 72(a).

Here, Magistrate Judge Leavitt did not clearly err in partially granting defendant's motion for a protective order. (Doc. #290). Plaintiff claims, *inter alia*, defendant falsified bank documents, used plaintiff's construction equipment as collateral for personal loans, and sold plaintiff's collateral without accounting for the sale. (Doc. #309). Defendants induced plaintiffs to give a loan by providing financial information and tax returns. Defendants now claim a pressing need to protect this financial information, which is precisely the basis for the claims against them. Plaintiff's claims adequately support its inquiry into the financial dealings and interlocking nature of the defendants' businesses.

Magistrate Judge Leavitt substantially limited the scope of defendants' obligation of production. (Doc. #290). However, he correctly found that defendants failed to meet their burden of showing the necessity of an even more expansive protective order. (Doc. #290). While defendants state that the production unnecessarily invades their privacy interests, they do not show how any individual request is overly broad, nor that any request seeks patently irrelevant information. Defendants fail to allege, other than a privacy concern, any specific harm that will befall them from permitting discovery to go forward. Additionally, no party who has heretofore answered a subpoena has complained of it being overly burdensome. (Doc. #290). The protective order properly limits production to documents relevant to the case. *Id*.

THEREFORE,

. . .

. . .

. . .

1    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff's motion to
2 reconsider Magistrate Judge Leavitt's order on defendants' motion for a protective order (Doc. #297)
3 is DENIED.
4    DATED this 15th day of July, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan
U.S. District Judge**