# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VOLVO CONSTRUCTION EQUIPMENT RENTS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) 2:09-cv-00032-JCM-LRL |
| v. | )<br>) **O R D E R** |
| NRL RENTALS, LLC, et al., | )<br>) |
| Defendants. | )<br>) |

Before the court is defendants' Motion to Stay and/or Dismiss Proceedings (#295).[1] The court has considered the motion (#295), plaintiff's Opposition (#310), and defendants' Reply (#316). Moving defendants urge the court to issue a stay of proceedings in this case pursuant to 11 U.S.C. § 362(a)(1), which governs automatic stays in bankruptcy cases. For the following reasons, the motion will be denied.

Plaintiff filed the instant action on January 6, 2009. On May 14, 2009, defendant NRL Rentals, LLC,[2] filed a voluntary petition for bankruptcy—the filing of which caused there to be an automatic stay of proceedings as to NRL Rentals, LLC pursuant to § 362. On June 5, 2009, the bankruptcy court lifted the bankruptcy stay on a limited basis. *See* Mot. (#295) at Exh. A. On August 14, 2009, the bankruptcy court granted NRL Rentals, LLC's motion to convert its Chapter 11 bankruptcy petition to a Chapter 7 bankruptcy petition. *See id.* at Exh. B. Moving defendants through their Motion (#295) ask the court

---

[1] The motion was filed by defendants: NRL Texas Rentals, LLC, NRL San Antonio Rentals, LP, NRL High Access, LLC, and Vegas Rents, LLC defendants; Balli defendants; Bosworth defendants; and Marine Quest defendants (collectively, "moving defendants").

[2] The Motion (#295) is not filed on behalf of NRL Rentals, LLC. *See* Mot. (#295) at n.1.

to stay the proceedings against them in this matter, arguing that "all of plaintiff's claims against all defendants are part of the bankruptcy estate" inasmuch as the claims against them, if valid "are, in reality, NRL Rentals, LLC's potential claims against the non-bankruptcy defendants." Mot. (#295) at 2. Plaintiff maintains that the motion must be denied because, among other things, this court lacks jurisdiction to expand the bankruptcy stay. Opp'n (#310) at 9, 11-12.

Although plaintiff provided no case authority to support its jurisdiction argument, the court's own research reveals the argument to be meritorious. Ninth Circuit caselaw indicates that in order to apply the automatic stay outlined in 11 U.S.C. § 362(a) to a non-debtor party, the bankruptcy court must issue an extension of the stay under its jurisdiction. *Boucher v. Shaw*, 572 F.3d 1087, 1093 (9th Cir. 2009); *see In re Chugach Forest Prod., Inc. v. N. Stevedoring & Handling Corp.*, 23 F.3d 241, 247 (9th Cir. 1994); *Placido v. Prudential Ins. Co. of Am.*, 2010 U.S. Dist. LEXIS 12147 (N.D. Cal. Jan. 21, 2010).

> [T]he bankruptcy court would first need to extend the automatic stay under its equity jurisdiction. [S]uch extensions, although referred to as extensions of the automatic stay, [are] in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate.

*Boucher*, 572 F.3d at 1093 n.3 (internal citations and quotation marks omitted). The *Boucher* decision further underlines the principle by referencing 28 U.S.C. 1334(b) which "'establish[es] the bankruptcy court's jurisdiction over matters that are related to the bankruptcy.'" *Placido*, 2010 U.S. Dist. LEXIS 12147 at *2 (N.D. Cal. Jan. 21, 2010) (quoting *Boucher*, 572 F.3d at 1093).

It is undisputed that the moving defendants have not filed for bankruptcy and are accordingly "non-debtor" parties. This court does not have jurisdiction to extend the bankruptcy stay to a non-debtor party. An extension of the automatic stay to encompass the moving defendants on grounds that the claims against them are allegedly "entirely derivative of [plaintiff's] claims against the bankruptcy debtor," Mot. (#295) at 8, would have to be issued by the bankruptcy court.

Accordingly, and for good cause shown,

. . .

IT IS ORDERED that defendants' Motion to Stay and/or Dismiss Proceedings (#295) is DENIED.

DATED this 27th day of July, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**