UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VOLVO CONSTRUCTION EQUIPMENT RENTS, INC., ) ) ) Plaintiff, ) ) v. ) ) NRL RENTALS, LLC, et al., ) ) Defendants. ) ) | 2:09-cv-00032-JCM-LRL  **O R D E R** |

Before the court is plaintiff's Motion to Enter Confidentiality and Protective Order (#299). In response to the motion (#299), defendants filed a Motion to Strike Plaintiff's Motion to Enter Confidentiality and Protective Order; And Opposition to Motion to Enter Confidentiality and Protective Order (#311). Plaintiff filed a Reply (#314).

On December 15, 2009, defendants filed a Motion for Protection Order (#218). On May 27, 2010, the court granted the motion (#218) in part and ordered the parties to file a confidentiality and protective order not later than June 11, 2010. Order (#290). On June 1, 2010, defendants filed a Motion to Stay Proceedings and/or to Dismiss (#295), which was denied on July 28, 2010. Order (#321). On June 10, 2010, defendants filed an Objection to Magistrate's Order (#290) Pursuant to FRCP 72(a) and LR IB 3-1 (#297), which was overruled on July 15, 2010. Order (#320). On June 11, 2010, plaintiff filed the instant Motion to Enter Confidentiality and Protective Order (#299).

Between January and mid-May, 2010, and prior to the court's Order (#290), plaintiff attempted to negotiate a confidentiality and protective order with defendants. On May 28, 2010, the day after the court entered Order (#290), plaintiff's counsel, Robert W. McIntyre ("McIntyre"), emailed defense counsel, Mark J. Connot ("Connot"), regarding the court's order requiring the filing of a confidentiality

agreement and protective order. Attached to the email was the same agreement and order plaintiff had proposed in January and mid-May. *See* Mot. (#299) at Exh. 1. Connot did not respond to the email, nor did he propose a different order or suggest changes to plaintiff's proposed order.

On June 9, 2010, McIntyre again emailed Connot, noting that the court's deadline to file a confidentiality and protective order was the next day. McIntyre stated, "We have sent you several times, our proposed form for such an order, it mimics ones we have used in many federal jurisdictions and the one in place with Jefferson. we welcome your comments and proposals for amendment." Mot. (#290) at Exh. 5. On June 10, 2010, Connot responded by letter that defendants cannot agree to the protective order, because of plaintiff's past assertion that "'all of the VRL records are confidential' is overbroad and does not establish a basis for a protective order." *Id.* at Exh 6. Connot continued, "If Plaintiff provides the specific basis as to each category of documents it seeks to have covered by a protective order, Defendants can review the same and advise as to whether Defendants will agree." *Id.* McIntyre responded by email that the confidentiality order is simply "a procedural matter so that information can be freely exchanged in discovery" and "has nothing to do with what may be exchanged or designated, it is the procedure that will be followed by all parties in designating and exchanging whatever they deem confidential." *Id.* at Exh. 6. Connot replied that plaintiff's proposed procedure is inappropriate insofar as it allows "Plaintiff to carte blanche designate items as confidential and then require defendants to review all documents designated as such and note objections to same." *Id.* Plaintiff filed the Motion to Enter Confidentiality and Protective Order (#299) the following day, June 11, 2010.

Defendants move to strike the Motion (#299) on the ground that plaintiff did not satisfy the meet and confer requirements of LR 26-7 prior to filing the motion (#299). Defendants' Motion to Strike (#311) on that basis is misplaced in this instance. The court ordered the parties to file a confidentiality agreement and protective order by June 11, 2010. Plaintiff attempted to discuss an appropriate agreement with defense counsel and invited revisions to its proposed order. Defendants, while objecting to plaintiff's proposed order, neither suggested substantive revisions nor provided their own proposed order. Hence, on the date ordered by the court to do so, plaintiff filed the proposed order it had

2

fashioned. Defendants' Motion to Strike (#311) will be denied.

Defendants oppose plaintiff's Motion to Enter Confidentiality and Protective Order (#299) on the ground that the proposed order, especially paragraph 2, is over broad in that it allows plaintiff "to assert that every document or other discovery item in this matter is confidential, notwithstanding whether the document or item actually meets some threshold for confidentiality. This was and remains Defendants' objection to Plaintiff's proposed order." Dkt. (#311) at 7. Defendant further requests "that the Court enter an order requiring Plaintiff to make a showing as to the documents and discovery items they seek to subject to the protective order." *Id.* at 8. Plaintiff replies that "under the proposed Confidentiality Order, each party has the right to designate what is confidential, and the other party has the right to challenge the designation for good cause. . . . The proposed Confidentiality Order Plaintiff presented is not unusual or unreasonable, and there is no reason that the Court should even have to deal with this issue." Reply (#314) at 7.

Pursuant to the court's Order (#290) granting in part defendants' Motion for a Protective Order (#218), the parties were ordered to agree upon and file a confidentiality agreement and protective order not later than June 11, 2010. On July 15, 2010, the district judge denied defendants' motion (#297) to reconsider the magistrate judge's Order (#290). In light of defendants' objection (#297) and the court's recent denial of defendants' Motion to Stay Proceedings and/or to Dismiss (#295), the deadline by which to file such a proposed order shall be extended. The parties are directed to meet and confer in a good faith effort to reach agreement on the terms of such an order. To the extent the parties are unable to agree on the terms of a confidentiality agreement and protective order, each may file its own proposed order, and the court will decide which version it will approve.

Accordingly,

IT IS ORDERED that plaintiff's Motion to Enter Confidentiality and Protective Order (#299) is DENIED without prejudice.

IT IS FURTHER ORDERED that defendants' Motion to Strike (#311) is DENIED.

IT IS FURTHER ORDERED that the parties shall, not later than August 16, 2010, file an

appropriate confidentiality agreement and protective order referenced in the court's Order (#290). To the extent that the parties are unable to agree on the terms of such an order, they each shall, not later than <u>August 16, 2010</u>, file a proposed order, one of which will be approved by the court.

DATED this 30th day of July, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**