**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

2:09-CV-32 JCM (LRL)

VOLVO CONSTRUCTION
EQUIPMENT RENTS, INC.,

        Plaintiff,

v.

NRL RENTALS, LLC, et al.,

        Defendants.

**ORDER**

Presently before the court is defendant Jefferson Bank's motion to dismiss. (Doc. #328). Plaintiff Volvo Construction then filed a motion to strike (doc. # 337) the motion to dismiss, to which defendant Jefferson Bank responded (doc. #342), and plaintiff replied (doc. #346).

Plaintiff Volvo Construction filed its original complaint on January 6, 2009. (Doc. #1). On June 22, 2009, plaintiff filed a notice of voluntary dismissal without prejudice as to defendant Jefferson Bank. (Doc. #78). However, plaintiff then filed an amended complaint (doc. #127) on September 15, 2009, which again added Jefferson Bank as a defendant. On December 15, 2009, plaintiff filed proof of service as to defendant Jefferson Bank (doc. #216), and the court ordered that defendant Jefferson Bank file an answer to the complaint by December 22, 2009. When this deadline passed, plaintiff filed a motion for entry of clerk's default against defendant Jefferson Bank for failure to plead or otherwise defend. (Doc. #261). Immediately thereafter, the clerk's office notified the court that the motion for entry of clerk's default was moot, due to the earlier dismissal of Jefferson Bank (doc. #78). Coincidentally, the next day, defendant Jefferson Bank filed an answer

**James C. Mahan**
**U.S. District Judge**

to the complaint. (Doc. #262).

On July 30, 2010, this court denied plaintiff's motion for clerk's default, citing the June 22, 2009, notice of voluntary dismissal (doc. #78) for the proposition that "Jefferson Bank is not a party to the action and cannot be in default." (Doc. #323). This was an error. The June 22, 2009, notice of voluntary dismissal applied to the original complaint (doc. #1) and not to the amended complaint (doc. #127). Accordingly, the court now considers Jefferson Bank's motion to dismiss.

Local Rule of Civil Procedure 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Here, the plaintiff has failed to respond to defendant Jefferson Bank's motion to dismiss. Instead, plaintiff argues that because Jefferson Bank filed the motion to dismiss after filing an answer, the court should strike the motion.

The motion to strike is without merit. A motion to dismiss filed after the pleadings is treated by this court as a motion for judgment on the pleadings. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). Federal Rule of Civil Procedure 12(h)(2) authorizes this procedure, allowing a party to raise the defense of failure to state a claim upon which relief may be granted even after an answer has been filed. *Id.* Finally, the same standard of review applies to a motion to dismiss and a motion for judgment on the pleadings. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

Whereas the plaintiff has failed to respond to the substance of the motion to dismiss, and whereas the court finds merit in the same,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this court's July 20, 2010, order stating that defendant Jefferson Bank is not a party to this action (doc. #323) is hereby VACATED.

IT IS FURTHER ORDERED that defendant's motion to dismiss (doc. #328) is GRANTED. The case is dismissed as to defendant Jefferson Bank.

. . .

. . .

James C. Mahan
U.S. District Judge

- 2 -

IT IS FURTHER ORDERED that plaintiff's motion to strike (doc. #337) is hereby DENIED.

DATED this 2nd day of December, 2010.

_____
**UNITED STATES DISTRICT JUDGE**