# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

VOLVO CONSTRUCTION
EQUIPMENT RENTS, INC.,

    Plaintiff,

v.

NRL RENTALS, LLC, et al.,

    Defendants.

2:09-CV-32 JCM (LRL)

**ORDER**

Presently before the court is plaintiff Volvo Construction Equipment Rents, Inc.'s, ("VRI") motion for partial summary judgment (doc. #421) with respect to claims two, four, five, seven and eight of plaintiff's first amended complaint (doc. #127). Also before the court is defendants NRL San Antonio Rentals, L.P., Robert Balli, NRL Texas Rentals, LLC, and Bosworth Nevada Investments LLC's opposition to plaintiff's motion for partial summary judgment and countermotion for partial summary judgment (docs. #438, #443) with respect to the same claims. Plaintiff filed an opposition (doc. #446) and reply brief (doc. #447) to defendants' opposition and countermotion. Defendants filed a reply in support of their countermotion (doc. #449).

**I. <u>Summary judgment standard</u>**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); Fed. R. Civ. P. 56©. An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable fact

**James C. Mahan**
**U.S. District Judge**

finder could find for the nonmoving party, and a dispute is material only if it could affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp.v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Id.* at 324; Fed. R. Civ. P. 56©.

## II. Background

These competing motions for summary judgment stem from events involving various franchise and lending agreements between the plaintiff and the defendants. All five claims for relief are for breach of contract of either guaranties (claims four, five, seven, eight) or a loan agreement (claim two). The plaintiff repeatedly argues, and the defendants do not appear to deny, that the defendants have breached the terms of the various guaranties and the lending agreement by failing to fulfill their payment obligations to the plaintiff.

In response, and in support of their countermotion, defendants assert that they cannot be held liable for their breach(es) with respect to the instant claims for relief because a settlement agreement and release ("settlement"), executed July 10, 2007, bars plaintiff's claims. The defendants further allege that this settlement agreement, between NRL San Antonio and Volvo Construction Equipment Rents, immunizes all defendants and extends to bar plaintiff's claims regarding the financial obligations obtained through assignment from non-party Volvo Financial Services ("VFS"). VFS is the original creditor who entered into loan agreements with the defendants whereby VFS agreed to finance the creation and operation of defendants' various rental equipment businesses pursuant to terms laid out in financing, security and franchise agreements, as well as guaranties and promissory notes that were signed by defendants. Plaintiff and VFS then entered into assignment agreements in December of 2008, whereby VFS assigned all rights, title and interest, with respect to the obligations of the defendants, to the plaintiff.

In support of its motion, plaintiff asserts that VFS was not a party to the settlement agreement signed July 2007, that the settlement release did not cover any claims regarding the lending documents or guaranties between VFS and the defendants, and that plaintiff did not acquire any of the aforementioned rights and claims from VFS until December 2008. Therefore, plaintiff contends that the release does not bar recovery on any of the instant claims for relief. Plaintiff further alleges that the settlement does not extend to cover all defendants, but rather the agreement was solely between plaintiff and NRL San Antonio prior to attaining rights via the lending documents from non-party VFS.

The essence of the parties' dispute hinges on the interpretation and reach of the settlement agreement. The plaintiff argues that the settlement does not cover all defendants, but rather that it is restricted to NRL San Antonio, and further that the agreement does not cover the lending documents and security interests attained via assignment from VFS. The defendants assert that the plain language does extend to all defendants and that the financial documents are included. In the alternative, defendants argue that the language of the agreement is ambiguous such that further discovery into the relationship between plaintiff and VFS is required, and plaintiff's motion for partial summary judgment is therefore premature.

### III. Contract interpretation

The parties stipulated in a choice of law clause that the settlement agreement would be construed and interpreted in accordance with the laws of the state of North Carolina. Under the relevant law, when a court is asked to interpret a contract, its primary purpose is to ascertain the intention of the parties. *International Paper Co. v. Corporex Constructors, Inc.,* 385 S.E.2d 553, 556 (N.C. Ct. App. 1989). If a contract is plain and unambiguous on its face the court may interpret it as a matter of law, but where it is ambiguous and the intention of the parties is unclear, interpretation of the contract is for the jury. *Glover v. First Union National Bank,* 428 S.E.2d 206, 209 (N.C. Ct. App. 1993). An ambiguity exists where the terms of the contract are reasonably susceptible to either of the differing interpretations proffered by the parties. *Id.*

## IV. Discussion

For purposes of the current motions for partial summary judgment, this court must determine: (1) which parties are actually covered and bound by the terms of the settlement agreement; and (2) which claims are, in fact, barred by the agreement.

**1. Parties bound**

In its motion, plaintiff contends that the original creditor (VFS) was not, in any way, a party to the settlement agreement executed in July 2007. Defendants assert that the language of the agreement, specifically the definition of "releasing party," encompasses not only plaintiff, but also VFS as a "parent, subsidiary, predecessor, successor or assign."

A copy of the agreement, entitled "Settlement Agreement and Release," is attached to defendants' opposition and countermotion (doc. # 438, exhibit A). The agreement stipulates that the release is "by and between NRL San Antonio Rentals, LP and Volvo Construction Equipment Rents, Inc., D/B/A Volvo Rents Atlanta." This court cannot subscribe to the argument presented by defendants that this agreement, which clearly stipulates the parties it is between, somehow extends to cover VFS along with every other defendant involved in the instant motion (e.g., NRL Texas, Robert Balli, Bosworth Nevada Investments). Neither VFS nor NRL Texas, Robert Balli, or Bosworth Nevada Investments is mentioned anywhere in the agreement, nor did those parties sign the settlement. A plain reading of the contract and its attachments demonstrate that the contract was solely between NRL San Antonio and Volvo Construction Equipment Rents, and pertained to the settlement of issues that had nothing to do with financing and security interests held, at the time, by non-party VFS.

Defendants argue that, in the alternative, additional discovery is required to investigate the extent of the relationship between plaintiff and VFS in order to determine whether VFS is bound by the settlement agreement. In support of its position, plaintiff has submitted an affidavit from Martin Moore, Vice President-North America for plaintiff, testifying that VFS is not "a parent, subsidiary, affiliate, predecessor, successor, or assign of Volvo and was not involved in the [s]ettlement [a]greement." (Doc. #63-1, ¶ 31). The defendants have not offered any evidence to contradict Mr.

Moore's statement. However, in support of their request to allow additional discovery, defendants assert that they "have not yet had an opportunity to independently confirm the accuracy of Mr. Moore's statement, so a significant issue of fact remains." (doc. #449, p.3:22-24). This court disagrees; two years is a more than sufficient amount of time to independently confirm Mr. Moore's statement[1].

Defendants also advance a Rule 56(d) argument in support of their request asserting that "the nature and extent of [the relationship between plaintiff and VFS] is currently unclear, and because [d]efendants have confirmed that they intend to conduct additional discovery...[p]laintiff's motion is premature." (Doc. #449, p.4). However, Rule 56(d) may be invoked only when the nonmovant shows certain facts essential to its opposition have been unavailable, and the court need not grant the nonmovant's request when the nonmovant has failed to thoroughly examine discovery opportunities in the time available, or has not acted in due diligence in their discovery efforts. *See, e.g., Jocham v. Tuscola County,* F. Supp. 2d 714 (D.C. Mich. 2003) ("56(f)[2] may be invoked only when plaintiff has been unable to acquire needed discovery through due diligence, not to permit further discovery when plaintiff has failed to thoroughly examine discovery opportunities in the time available"); *see also Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 597 F.Supp. 1199 (S.D.N.Y. 1984) ("plaintiff's alleged need for additional discovery did not provide a basis for denying summary judgment when plaintiff had not been diligent about proceeding with its discovery [and] substantial discovery already had been conducted..."). Plaintiff has stated its position regarding the relationship between itself and VFS from the beginning of this suit and has provided a supporting affidavit. However, defendants have failed to diligently respond. As such, this court is not inclined to allow defendants additional time to conduct discovery on this issue.

**2. Claims covered**

Plaintiff seeks summary judgment on five claims for relief: (1) breach of contract for the loan documents by NRL San Antonio; (2) breach of contract for the guaranties by Robert Balli; (3) breach

---

[1] Mr. Moore's affidavit was filed March 11, 2009.

[2] Rule 56(f) has since been amended to what is now 56(d).

- 5 -

of contract for the guaranty by NRL San Antonio; (4) breach of contract for the guaranty by NRL Texas; and (5) breach of contract for the guaranty by Bosworth Nevada Investments. Defendants argue that recovery on these five claims is barred by the settlement agreement, executed July 2007. This court disagrees.

There is an important distinction between claims that are unknown and those that are non-existent at the time an agreement is entered into. Under North Carolina law, a party may be barred from recovering on claims that they had forfeited via a settlement agreement, even if those claims were not known to them at that time. *Fin. Services of Raleigh, Inc. v. Barefoot*, 594 S.E.2d 37, 42 (N.C. Ct. App. 2004). North Carolina courts have long recognized that parties may release existing but unknown claims. *Id.* The North Carolina Supreme Court has recognized that "[t]he language in a release may be broad enough to cover all demands and rights to demand or possible causes of action, a complete discharge of liability from one to another, whether or not the various demands or claims have been discussed or mentioned, and whether or not the possible claims are all known." *Merriman v. Postal Telegraph-Cable Co.,* 207 N.C. 101, 105-06, 176 S.E. 246, 48 (1934).

However, North Carolina courts do not interpret a release agreement to forfeit claims for relief that do not actually exist at the time the agreement is signed. Rather, courts have concluded that a release of "all causes" (whether known or unknown) only pertains to "then existing or matured causes of action." *Travis v. Knob Creek, Inc.,* 321 N.C. 279, 362 S.E.2d 277 (1987). Thus, North Carolina courts have established the general rule that a release does not bar a claim that did not exist at the time it was signed, and that the "critical inquiry is whether the claim or right can be said to exist such that a party is capable of waiving it." *Fin. Services of Raleigh, Inc.*, at 394 (*quoting* 76 C.J.S. Release § 53 (1952) at 619-20).

The agreement in the instant action stipulates that plaintiff was settling "all manner of actions, causes of action, suits, debts, . . . and [all other] claims and demands whatsoever, of whatever kind and nature, whether absolute or contingent, known or unknown, matured or unmatured, at law, in equity, or in any other proceeding." (Doc. #443, p.13). As such, the language of the settlement agreement relieved defendants only of their liability for claims that existed, whether

known or unknown, at the time the agreement was executed. It did not, and could not, release defendants from liability from future claims that the plaintiff did not have the right to assert at that time.

Plaintiffs provide evidence, undisputed by the defendants, that plaintiff entered into assignment agreements with creditor non-party VFS in December of 2008, seventeen months after the settlement agreement was executed. Listed in those assignment agreements, as the documents and appurtenant rights to be assigned, are the guaranties of NRL San Antonio, Bosworth Nevada Investments, Roberto Balli Jr. and NRL Texas. (Exhibits B & C of the Clements Affidavit attached to plaintiff's motion, doc. #421-1). These security interests alone are the subject matter of the instant motion.

As such, after examining the relevant agreements, dates and the applicable law, the court finds that the plaintiff did not obtain the rights to the guaranties and the lending agreement in question until well after the settlement agreement was executed. Therefore, the plaintiff could not have forfeited any potential claims for relief that might stem from rights it did not yet possess.

**V. Conclusion**

The court does not find there to be any genuine issue of material fact disputed in the motions. Plaintiff has asserted, and defendants have conceded, that defendants have breached the multiple contractual agreements, and this court finds defendants' contentions that plaintiff forfeited its rights to pursue the instant claims for relief, via the 2007 settlement agreement, to have no basis in the law. Further, this court is not persuaded that a reasonable fact finder could find for defendants on these claims. Should defendants' arguments be accepted, the fact finder would be forced to conclude that plaintiff has, by virtue of the settlement agreement, voluntarily surrendered over $8,000,000 worth of construction equipment, free of charge, *and* forfeited its right to pursue any claims arising as a result of defendants' failure or refusal to compensate plaintiff pursuant to the aforementioned agreements. This conclusion lacks any reasonable basis in law or fact.

This court agrees that defendants are merely attempting to confuse the issues in an attempt to prolong the inevitable payment of damages for their admitted breaches. Because the purpose of

summary judgment is "to avoid unnecessary trial when there is no dispute as to the material facts before the court," *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468 at 1471 (9th Cir. 1994), this court finds partial summary judgment in favor of the plaintiff to be appropriate at this time.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for partial summary judgment (doc. #421) on the 2nd, 4th, 5th, 7th and 8th claims for relief is GRANTED.

IT IS THEREFORE ORDERED that defendants' countermotion for partial summary judgment (doc. #443) with respect to the same claims for relief is DENIED.

DATED this 22nd day of June, 2011.

_James C. Mahan_
**UNITED STATES DISTRICT JUDGE**