# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VOLVO CONSTRUCTION EQUIPMENT RENTS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NRL RENTALS, LLC, et al., | ) ) |
| Defendants. | ) ) ) |

2:09-cv-00032-JCM-LRL

**O R D E R**

Before the court are defendants' Brief Regarding Application of Accountant-Client Privilege, Pursuant to Court's Telephonic Order of April 26, 2011 (#435); defendants' Errata (#437); plaintiff's Brief Regarding Application of Accountant-Client Privilege, Pursuant to Court's Telephonic Order of April 26, 2011 (#440); and defendants' Reply (#442) to plaintiff's brief. The court has considered the parties' briefs, the representations of counsel during the telephonic hearing on April 26, 2011, and the independent research undertaken by the court.

The issue presented is the extent, if any, to which the accountant-client privilege set forth in N.R.S. 49.185[1] applies to private communications between accountant and client for the

---

[1] N.R.S. 49.185 provides:
    A client has a privilege to refuse to disclose, and prevent any other person from disclosing, confidential communications:
        1. Between himself or his representative and his accountant or his accountant's representative.
        2. Between his accountant and the accountant's representative.
        3. Made for the purpose of facilitating the rendition of professional accounting services to the client, by him or his accountant to an accountant representing another in a matter of common interest.

purpose of preparing documents (such as financial statements and income tax returns) that are intended to be disclosed to certain third parties (such as lending institutions and the Internal Revenue Service). The issue arose during plaintiff's deposition of Tracey Wood-Sanford, an accountant for several of the defendants, who, without objection by defendants and in response to a subpoena, had produced financial statements and tax returns she had prepared for the defendants, emails between her and the defendants, and memoranda of oral communications with the defendants. At the deposition, plaintiff's counsel asked Ms. Wood-Sanford about conversations she had had with defendant Marcel Bosworth concerning the preparation of the financial statements and tax returns: "Well, what sort of things did you discuss with Marcel?" At that point defendants' counsel objected to any inquiry concerning "*any oral communications between Tracey Wood-Sanford or any member of her firm, Mr. -- either of the Bosworths or any of their representatives in the course of Ms. Woods and her accounting firm rendering accounting or professional services.*" Transcript of Wood-Sanford Deposition, p. 28, l. 22 to p. 29, l. 2, attached to defendants' Brief (#435) as Exhibit A (emphasis added). The basis of the objection was N.R.S. 49.185.

Defendants contend that a plain reading of the privilege on its face allows the accountant to "refuse to disclose" any "confidential communications between himself ... and his accountant" that are "made for the purpose of facilitating the rendition of professional accounting services to the client." N.R.S. 49.185. Plaintiff, on the other hand, appears to argue that *if* an accountant-client privilege is recognized by the federal courts, it is to be construed narrowly, such that in the context of this case the privilege would not protect information provided by a client to his accountant for the purpose of preparing financial statements and tax returns that they understand will be provided to third parties such as institutional lenders and the IRS.

Preliminarily, the court notes that there can be little doubt that the federal courts recognize and apply state law in determining the privilege of a witness in a civil action in which

state law supplies the rule of decision regarding an element of a claim or defense. *See* Fed. R. Evid. 501; *Pepsico, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 815-16 (8th Cir. 2002); *Lego v. Stratos Lightwave, Inc.*, 224 F.R.D. 576, 578 (S.D.N.Y. 2004).

Interpreting the Nevada accountant-client privilege for the first time in *McNair v. Eighth Judicial District Court*, 110 Nev. 1285 (1994), the Nevada Supreme Court rejected the contention that the privilege should be construed broadly. Indeed, the court suggested that although the privilege was most closely analogous to the attorney-client privilege, "the social objective to be furthered [by the accountant-client privilege] is arguably a distinguishable and lesser one." 110 Nev. at 1288. Moreover, the court rejected the accountant's assertion that the preparation of financial statements, among other things, is confidential and privileged because it involves "acts and services that are not accessible to others." The court noted that the accountant had failed to meet her burden of establishing that the requested information was confidential, not accessible to the public, and therefore privileged. Hence, it is clear that in Nevada the accountant-client privilege is to be construed narrowly.

Here, without objection from defendants, the Wood-Sanford accounting firm responded to plaintiff's deposition subpoena by providing periodic and annual financial statements and tax returns, email communications between the firm and defendant-clients, and memoranda of oral communications between them, all in connection with the firm's preparation of documents that defendants used in support of their loan application and the subsequent monitoring thereof. As noted above, the only objection lodged by defendants at this juncture is to plaintiff's efforts to learn what *oral* communications were had between the firm and the defendants.

The central question, however, is not whether the communications at issue were oral or in writing; N.R.S. 49.185 draws no distinction between confidential communications that are in writing and those that are made orally. The central question is whether the communications at issue were *confidential* within the meaning of N.R.S. 49.155, which defines a confidential communication as one that is "not intended to be disclosed to third persons other than those to

3

whom disclosure is in furtherance of the rendition of professional accounting services to the client or those reasonably necessary for the transmission of the communication." Plaintiff wished to inquire into the communications between the defendants and their accountants in connection with the preparation of documents that were submitted in support of defendants' loan applications. The question, then, is whether such oral communications, while perhaps made privately at the time, are confidential within the meaning of N.R.S. 49.155.

As the Supreme Court noted in *Couch v. United States*, 409 U.S. 322 (1973), "there can be little expectation of privacy where records are handed to an accountant, knowing that mandatory disclosure of much of the information therein is required in an income tax return. What information is not disclosed is largely in the accountant's discretion, not petitioner's." *Id.* at 335. This principle has been adopted in subsequent cases whose factual settings more closely resemble those in the present case. For example, in *United States v. Lawless*, 709 F.2d 485 (7th Cir. 1983), executors of an estate provided certain documents to their attorney in connection with the preparation of an estate tax return. An IRS special agent, who was investigating the correctness of the return, issued administrative summonses to the attorney to testify regarding the preparation of the tax return and to produce a variety of records, including memoranda of the attorney's interviews of his clients. The attorney asserted the attorney-client privilege and refused to comply with the summons. The court rejected the applicability of the privilege, and held:

> When information is transmitted to an attorney with the intent that the information will be transmitted to a third party (in this case on a tax return), such information is not confidential. . . .
> The respondent argues that the information transmitted to him, as the attorney preparing the tax return, but which was not disclosed on the return, is protected by the privilege. If the client transmitted the information so that it might be used on the tax return, such a transmission destroys any expectation of confidentiality which might have otherwise existed.

*Id.* at 487 (citations omitted). The court also observed that "disclosure of tax information effectively waives the privilege 'not only to the transmitted data but also as to the details

4

underlying that information.' *United States v. Cote*, 456 F.2d 142, 145 (8th Cir. 1972)." 709 F.2d at 488.

In *In re October 1985 Grand Jury No. 746*, 530 N.E.2d 453 (Ill. 1988), the Illinois Supreme Court addressed a similar situation in which a certified public accountant (CPA) was subpoenaed by a Cook County grand jury investigating his tax clients for underpaying their retailers' occupation taxes and their state income taxes. The subpoena required the CPA to produce a host of documents related to the preparation of the tax returns in question, including "any written materials provided to you by the above [clients] and used by you in preparation of any of the tax returns." *Id.* at 454. The CPA appeared before the grand jury and declined to answer any questions about his clients and their tax returns on the basis of the Illinois accountant-client privilege, which provides that "[a] public accountant shall not be required by any court to divulge information or evidence which has been obtained by him in his confidential capacity as a public accountant." Section 27 of the Illinois Public Accounting Act, Ill. Rev. Stat. 1985, ch. 111, par. 5533. The question before the court was the extent, if any, to which the information and evidence the CPA obtained from his clients was privileged from disclosure under the statute.

The court noted that an essential element of a claim of privilege against disclosure is that the communications between accountant and client "must originate in a *confidence* that they will not be disclosed," and that the "element of *confidentiality must be essential* to the full and satisfactory maintenance of the relation between the parties." 530 N.E.2d at 457 (emphasis in original). Comparing the accountant-client privilege to the attorney-client privilege, the court noted that the attorney-client privilege "does not extend to matters which the client intends his attorney to disclose to a third person." *Id.* (quotation marks and citations omitted.) The court concluded:

> A tax client provides information to his accountant with the understanding that there may be, at the accountant's discretion and judgment, a disclosure of it to a third party, the State, or other

5

> parties, *e.g.*, Federal and other taxing authorities. It is understood that confidentiality is not to attach to the information. Information given an accountant to prepare a client's tax returns and the accountant's work papers in preparing the returns thus are not confidential. As the information and papers cannot be considered as obtained by the accountant in his confidential capacity, they are outside the scope of the section 27 privilege.

In none of these cases is a distinction drawn between information or communications presented in a written format and information or communications provided orally. In fact, defendants do not object to the production of emails between the accountant and the defendants.[2] Accordingly, based on the foregoing authorities, the court concludes that so long as the scope of plaintiff's examination of the accountant is limited to the information provided by the client to the accountant -- whether orally or in writing -- in connection with the accountant's preparation of documents that were, or were intended or contemplated to be disclosed to a third party, including but not limited to a taxing authority or a lending institution, the information solicited will not be protected by the Nevada accountant-client privilege.

IT IS SO ORDERED.

DATED this 18th day of August, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] This raises a substantial question of waiver of the privilege, which, in view of the court's disposition today, need not be reached..

6