Paul S. Prior, Esq.
Nevada Bar No. 9324
SNELL & WILMER L.L.P.
3883 Howard Hughes Pkwy, Suite 1100
Las Vegas, Nevada 89169
Telephone (702) 784-5200
Fax: (702) 784-5252
Email: sprior@swlaw.com

James Kilroy, Esq. (Admitted Pro Hac Vice)
Brian P. Gaffney, Esq. (Admitted Pro Hac Vice)
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1700
Denver, Colorado 80202
Telephone (303) 634-2000
Fax: (303) 634-2020
Email: jkilroy@swlaw.com
Email: bgaffney@swlaw.com

*Attorneys for Volvo Construction Equipment Rents, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VOLVO CONSTRUCTION EQUIPMENT RENTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NRL RENTALS, LLC, *et al.* <br><br> Defendants. | Case No. 2:09-CV-00032-JCM-VCF <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S NINTH, ELEVENTH, FIFTEENTH, SIXTEENTH, SEVENTEENTH, AND TWENTIETH CAUSES OF ACTION (#513)** |

Before the Court is Defendants Nick Balli, Dwight Bosworth, Marcel Bosworth, NRL Texas Rentals, LLC, NRL San Antonio Rentals, LP, Marine Quest, Inc., Marine Quest-Joe Pool, Inc., Marine Quest-Texoma, LP, Marine Quest Texoma II, LP, Marine Quest-Captains Cove, LP, Marine Quest-Eagle Mountain, LP, Marine Quest-Anderson Mill, LP, Marine Quest-Marshall Ford, LP, Marine Quest-Harbor One, LP, Marine Quest-Boz I, LP, Marine Quest-Hidden Cove, LP, Marine Quest-Executive, LP, Marine Quest-Chandler's Landing, LP, Marine Quest-Lake Country, LP, Marine Quest-Investments, LP, Lake Country Marina, Inc., Elite Marine Management, Inc., and Tarrant County Marina Enterprises, Inc. (collectively, "Defendants") Motion for Partial Summary Judgment as to Plaintiff's Ninth, Eleventh, Fifteenth, Sixteenth,

14189279.1

Seventeenth, and Twentieth Causes of Action (#513), Plaintiff Volvo Construction Equipment Rents, Inc. ("Plaintiff") filed an Opposition (#521); and Defendants filed a Reply (#538). Defendants also filed an Errata (#515) stating that Plaintiff's Ninth Cause of Action was not to be considered as part of the Motion as a separate motion pertaining to that cause of action was pending before the Court.

**I.  Introduction**:

Pursuant to the Motion, Defendants request the Court to enter summary judgment on Plaintiff's Eleventh (Alter Ego/Piercing the Corporate Veil), Fifteenth (Unjust Enrichment), Sixteenth ("Trust Fund" Theory/Equitable Lien/Constructive Trust), Seventeenth (Conversion), and Twentieth (Civil Conspiracy) Causes of Action. As the Defendants have failed to prove that there are no genuine issues of material fact, the Motion must be denied.

**II.  Relevant Facts**:

Pursuant to the Motion, Defendants request that the Court enter summary judgment on Plaintiff's Eleventh, Fifteenth, Sixteenth, Seventeenth, and Twentieth Causes of Action as those claims pertain to conversion or unjust enrichment related to the transfer of funds from accounts in which Plaintiff allegedly did not have security interests.

**III.  Discussion**:

**A.  Legal Standards**:

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(a) (2011). An issue is genuine only if there is a sufficient evidentiary basis upon which a reasonable finder of fact could find for the nonmoving party, and a dispute is material only if it could affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 77 U.S. 242, 248-49 (1986). The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 371, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the nonmoving party fails to

14189279.1

present, via affidavits, deposition testimony, answers to interrogatories, or admissions, specific facts demonstrating that there is a genuine issue of fact to be tried. *Id.*, at 324.

B. **Analysis**:

As Defendants have failed to prove that there is no genuine issue of material fact regarding allegations constituting Plaintiff's Eleventh, Fifteenth, Sixteenth, Seventeenth, and Twentieth Causes of Action, the Motion fails as a matter of law.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants' Motion (#513) is DENIED.

DATED January 3, 2012.

_____
UNITED STATES DISTRICT JUDGE