Paul S. Prior, Esq.
Nevada Bar No. 9324
SNELL & WILMER L.L.P.
3883 Howard Hughes Pkwy, Suite 1100
Las Vegas, Nevada 89169
Telephone (702) 784-5200
Fax: (702) 784-5252
Email: sprior@swlaw.com

James Kilroy, Esq. (Admitted Pro Hac Vice)
Brian P. Gaffney, Esq. (Admitted Pro Hac Vice)
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1700
Denver, Colorado 80202
Telephone (303) 634-2000
Fax: (303) 634-2020
Email: jkilroy@swlaw.com
Email: bgaffney@swlaw.com

*Attorneys for Volvo Construction Equipment Rents, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VOLVO CONSTRUCTION EQUIPMENT RENTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NRL RENTALS, LLC, *et al.* <br><br> Defendants. | Case No. 2:09-CV-00032-JCM-VCF <br><br> **ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AGAINST THE COUNTERCLAIM OF THE "NRL DEFENDANTS," "BALLI DEFENDANTS," "BOSWORTH DEFENDANTS," AND "MARINE QUEST DEFENDANTS" INCLUDING MEMORANDUM OF POINTS AND AUTHORITIES (#511)** |

Before the Court is Plaintiff Volvo Construction Equipment Rents, LLC's Motion to Dismiss or for Summary Judgment Against the Counterclaim of the "NRL Defendants," "Balli Defendants," "Bosworth Defendants," and "Marine Quest Defendants" (#511), Defendant Tarrant County Marina Enterprises, Inc. ("TCM") filed an Opposition (#523); and Plaintiff filed a Reply (#541).

Subsequent to the filing of TCM's Opposition, but prior to filing of Plaintiff's Reply, Plaintiff and Counterclaimants Nick Balli, Dwight Bosworth, Marcel Bosworth, NRL Texas

14161955.2

Rentals, LLC, NRL San Antonio Rentals, LP, Marine Quest, Inc., Marine Quest-Joe Pool, Inc., Marine Quest-Texoma, LP, Marine Quest Texoma II, LP, Marine Quest-Captains Cove, LP, Marine Quest-Eagle Mountain, LP, Marine Quest-Anderson Mill, LP, Marine Quest-Marshall Ford, LP, Marine Quest-Harbor One, LP, Marine Quest-Boz I, LP, Marine Quest-Hidden Cove, LP, Marine Quest-Executive, LP, Marine Quest-Chandler's Landing, LP, Marine Quest-Lake Country, LP, Marine Quest-Investments, LP, Lake Country Marina, Inc., Elite Marine Management, Inc., and TCM (collectively, "Defendants"), stipulated to dismiss Defendants' First (Breach of Contract), Second (Intentional Interference with Contractual Relations and Prospective Economic Advantages), Third (Unfair Trade Practices), Fourth (Unjust Enrichment), Fifth (Declaratory Relief), Sixth (Breach of Covenant of Good Faith and Fair Dealing), and Eighth (Negligence) causes of actions/counterclaims without prejudice (#529). Accordingly, the only counterclaim pending before the Court is the Seventh Cause of Action for Conversion filed by TCM.

## I. Introduction:

As the other counterclaims have been dismissed, Plaintiff's Motion only concerns TCM's counterclaim for conversion. As TCM has failed to prosecute its counterclaim and because there are no genuine issues of material fact and Plaintiff is entitled to judgment on the counterclaim for conversion as a matter of law, TCM's counterclaim must fail.

## II. Relevant Facts:

### a. Facts Concerning the Failure to Prosecute:

Plaintiff filed this action on January 6, 2009, and subsequently filed a First Amended Complaint on September 15, 2009. Defendants filed their Answer to Plaintiff's First Amended Complaint and Counterclaim on October 6, 2009. In their Counterclaim, Defendants asserted eight causes of action against Plaintiff. Only one of those counterclaims, TCM's claim for conversion, remains pending, the other seven having been dismissed pursuant to a stipulation. On December 4, 2009, Plaintiff served each of the Defendants with interrogatories and requests for production of documents seeking, in part, information to support the allegations made in Defendant's Counterclaim as well as discovery on Defendants' alleged damages. Despite the

14161955.2

discovery requests, Defendants have failed to substantively respond to or to produce documents in support of the claim for conversion and/or information regarding their alleged damages. To date, Defendants have not produced any documents, information, documents, or expert disclosures concerning their alleged damages.

    **b.**    **Facts Regarding the Claim for Conversion**:

On March 12, 2005, Defendant NRL Rentals, LLC ("NRL Rentals") executed a Rental Inventory Financing Agreement with Volvo Commercial Finance, a division of VFS US, LLC ("VFS"). On March 12, 2005, NRL Rentals also executed a Security Agreement in granting VFS a security interest in all of the following "Collateral:"

> All Inventory of Debtor, whether now owned or hereafter acquired by Debtor and wherever located, including, without limitation, all new and used construction equipment, mini-excavators, backhoes, loaders, forklifts, generators, trucks, compressors, lawn equipment, small generators, concrete equipment, trailers, trenchers, air tools, small compressors, ladders, power tools, hoists, and specialty hand tools, and other assets used in the construction, commercial industrial, agricultural, and homeowner markets, as well as replacement parts, accessories and attachments pertaining to thereto; all other Goods, merchandise, raw materials, work in process, finished goods, and other tangible personal property held for sale or lease (including, but not limited to, any Goods provided by Secured Party to Debtor on Consignment) or furnished under contracts of service or used or consumed in Debtor's business; and all Documents now or hereafter evidencing any such Inventory; and all Proceeds of the foregoing, whether case or non-cash.

> All Accounts including insurance proceeds, rights to payment (including monetary obligations, whether or not earned by performance), secondary obligations incurred or to be incurred; all Payment Intangibles, Promissory Notes, Letters of Credit, Deposit Accounts, service contracts, warranties, Documents, Records, General Intangibles, Instruments, Chattel Paper, Electronic Chattel Paper, and lease and rental agreements, whether now owned or hereafter acquired by Debtor and whether now existing or hereafter arising, and all Proceeds of the foregoing, whether cash or non-cash.

> All Equipment, whether now owned or hereafter acquired by Debtor and wherever located; all goods or Equipment owned by Secured Party and locate don Debtor's premises for any purpose; and all Proceeds thereof, whether cash or non-cash (but inclusion

14161955.2

> of proceeds shall not been deemed to imply that Secured Party consents to the sale or other transfer or disposition of any such Goods or Equipment).

VFS filed UCC Financing Statements perfecting its security interests in the Collateral. Thereafter, VFS assigned all of its right, title, and interest in, among other things, the Security Agreement, the UCCs, and the Collateral to Plaintiff.

On June 16, 2005, NRL Rentals purchased a 2003 Volvo EC 360B excavator from Northall Equipment for $235,964.00. On March 19, 2007, NRL Rentals purchased an International 4700 Mechanics Truck from Ritchie Bros. auctioneers for $15,000. On or about August 30, 2007, NRL Rentals purchased a 2005 International 4000 Series truck from Sonev Construction. As each of these items was purchase by NRL Rentals subsequent to the execution of the Security Agreement and the filing of the UCC, and because the Security Agreement and UCC covered all Equipment and Inventory, VFS held a properly perfected security interest in each item (collectively, the "Equipment"), which was assigned to Plaintiff.

TCM alleges that on or about November 30, 2007, Robert Balli ("Mr. Balli") obtained a $425,000.00 personal loan from PlainsCapital Bank. TCM further alleges that Mr. Balli directed PlainsCapital Bank to wire $11,535.00 directly to VFS to pay the balance on the EC 360 Excavator in full and $32,450.00 to Floyd Meldrum, a principal of Sonev Construction, to pay the remaining balance on the 2005 International in full. TCM alleges that it directly repaid the loan to PlainsCapital Bank obtained by Mr. Balli. TCM, however, did not become the owner of the Equipment and did not take a security interest in the Equipment, which security interest would have been junior to Plaintiff's in any event.

At all times relevant, NRL Rentals owned the Equipment and there is no evidence that TCM ever acquired an ownership interest in the Equipment. Furthermore, Plaintiff did not at any time release its security interest in the Equipment and was not so requested.

14161955.2

## III. Discussion:

### A. Legal Standards:

#### 1. Rule 41(b):

Rule 41(b) of the Federal Rules of Civil Procedure provides that Court with authority to dismiss an action if a party fails to prosecute its claim, or to comply with the civil rules or a court order. To dismiss under Rule 41(b), the Court should consider several factors:

> A district court's decision on a motion to dismiss for want of prosecution requires weighing conflicting policies: on the one hand, the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to defendants from delay; on the other hand, the policy favoring disposition of cases on their merits.

*Nealy v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980) (citing *Citizens Util. Co. v. AT&T*, 595 F.2d 1171, 1174 (9th Cir.)), *cert. denied*, 444 U.S. 931 (1979).

#### 2. Rule 56(a):

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(a) (2011). An issue is genuine only if there is a sufficient evidentiary basis upon which a reasonable finder of fact could find for the nonmoving party, and a dispute is material only if it could affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 77 U.S. 242, 248-49 (1986). The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 371, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the nonmoving party fails to present, via affidavits, deposition testimony, answers to interrogatories, or admissions, specific facts demonstrating that there is a genuine issue of fact to be tried. *Id.*, at 324.

#### 3. Conversion:

To prevail on its conversion claim, TCM must prove (1) that Plaintiff wrongfully exerted a distinct act of dominion over TCM's personal property; (2) in denial of, or

14161955.2

- 5 -

inconsistent with TCM's title or rights therein; or (3) in derogation, exclusion, or defiance of such title or rights. *Wantz v. Redfiled*, 326 P.2d 413, 414 (Nev. 1958).

**B.** **Analysis**:

TCM has failed to provide any information or documents via disclosures or discovery responses to support its claim for conversion, or any damages, against Plaintiff. As such, considering the prejudice that would result to Plaintiff in the event that TCM's counterclaim was allowed to proceed and the Court's need to efficiently manage its docket, the Court finds that that TCM's counterclaim for conversion must be dismissed. *See Nealy*, 662 F.2d at 1279.

Furthermore, at all relevant times hereto, NRL Rentals owned the Equipment and the Equipment was subject to Plaintiff's first position security interest. As TCM has failed to prove that it obtained an ownership interest in the Equipment or that Plaintiff released its security interest, TCM has failed to prove that the Equipment was its personal property or that Plaintiff's actions were inconsistent with TCM's right or title to the Equipment. *See Wantz*, 326 P.2d at 414. As such, TCM's claim for conversion fails as a matter of law.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion (#511) is GRANTED.

DATED January 3, 2012.

_____
UNITED STATES DISTRICT JUDGE

14161955.2