TERRY J. CARE, ESQ.
Nevada Bar No. 4560
PATRICK J. MURCH, ESQ.
Nevada Bar No. 10162
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, Nevada  89102
Telephone:  (702) 873-4100
Facsimile:  (702) 873-9966
tcare@mcdonaldcarano.com
pmurch@mcdonaldcarano.com

*Attorneys for Nick Balli; NRL San Antonio,
NRL Texas, Bosworth Defendants;
and Marine Quest Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VOLVO CONSTRUCTION EQUIPMENT RENTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NRL RENTALS, LLC, NRL TEXAS RENTALS, LLC, NRL SAN ANTONIO RENTALS, LP, NRL HIGH ACCESS, LLC, VEGAS RENTS, LLC, ROBERT BALLI, HILARY BALLI, R& H.P. BALLI FAMILY TRUST, NICK BALLI, LARRY CHAVEZ, BOSWORTH FARMS, INC., DWIGHT BOSWORTH, MARCEL BOSWORTH, MARINA QUEST, INC., MARINE QUEST-JOE POOL, INC., MARINE QUEST-TEXOMA, LP, MARINE QUEST TEXOMA II, LP, MARINE QUEST-CAPTAINS COVE, LP, MARINE QUEST-EAGLE MOUNTAIN, LP, MARINE QUEST-ANDERSON MILL, LP, MARINE QUEST-MARSHALL FORD, LP, MARINE QUEST-HARBOR ONE, LP, MARINE QUEST-BOZ I, LP, MARINE QUEST-HIDDEN COVE LP, MARINE QUEST-EXECUTIVE, LP, MARINE QUEST-CHANDLER'S LANDING, LP, MARINE QUEST-LAKE COUNTRY, LP, MARINE QUEST-INVESTMENTS, LP, TARRANT COUNTY MARINE ENTERPRISES, INC., LAKE COUNTRY MARINA, INC., ELITE MARINE MANAGEMENT, LLC, JEFFERSON BANK, PLAINSCAPITAL BANK, <br><br> Defendants. | Case No.: 2:09-cv-00032-JCM-VCF <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS TORT CLAIMS (#455)** |

Presently before the court is Defendants' Motion to Dismiss Tort Claims (Defendants' Motion) (#455) filed by Defendants Nick Balli; Marcel Bosworth; Dwight Bosworth; Marine Quest, Inc.; Marine Quest-Joe Pool, Inc.; Marine Quest-Texoma, LP; Marine Quest-Texoma II, LP; Marine Quest-Captains Cove, LP; Marine Quest-Eagle Mountain, LP; Marine Quest-Anderson Mill, LP; Marine Quest-Hidden Cove, LP; Marine Quest-Executive, LP; Marine Quest-Chandler's Landing, LP; Marine Quest-Lake Country, LP; Marine Quest-Investments, LP; Tarrant County Marine Enterprises, Inc.; Lake Country Marina, Inc.; and Elite Marine Management, Inc. (collectively, "Defendants").

In relation to Defendants' Motion, Plaintiff Volvo Construction Equipment Rents ("Plaintiff") filed a response in opposition (#464), and Defendants filed a reply (#469).

I.   INTRODUCTION

Defendants' Motion pertains to three causes of action in tort assigned by non-party Volvo Financial Services ("VFS") to Plaintiff, and two causes of action, one in contract brought by Plaintiff and VFS and the second in tort brought by Plaintiff, for breach of the covenant of good faith and fair dealing. Because Nevada law holds that tort claims are personal and therefore not assignable, the tort claims assigned by VFS to Plaintiff must fail. Further, because there was no contractual relationship between Defendants Dwight and Marcel Bosworth on the one hand, and Plaintiff or VFS on the other hand, the breach of the covenant claim based in contract must fail.

II.   RELEVANT FACTS

On or about March 12, 2005, VFS and Defendant NRL Rentals, LLC "(NRL"), entered into a loan agreement comprised of a master loan and security agreement, rental inventory financing agreement with promissory note, and a revolving credit loan agreement with promissory note. On or about October 10, 2006, VFS and Defendants Robert Balli ("Balli") and NRL San Antonio Rentals, LP ("San Antonio") entered into a loan agreement also comprised of a master loan and security agreement, rental inventory financing agreement with promissory note, and a revolving credit loan agreement with promissory note. Both loan agreements were in conjunction with two franchise agreements, one between Plaintiff and NRL,

2

and the second between Plaintiff and Balli and San Antonio. Defendants Dwight and Marcel Bosworth ("Bosworths") were not parties to either of the loan agreements, or either of the franchise agreements.

### III. DISCUSSION

#### A. Legal Standards

##### 1. Motion to Dismiss for Failure to State a Claim

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may dismiss one or more of Plaintiff's claims for relief "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" in Plaintiff's complaint. Winn v. Arizona Christian School Tuition Org., 562 F.3d 1002, 1007 (9th Cir. 2009) (citation omitted). All factual allegations must be accepted as true, and the pleadings must be construed in the light most favorable to Plaintiff. Id. (citation omitted).

##### 2. Assignment of Tort Claims

Assignment of tort claims violates public policy because it eliminates the injured party's ability to prosecute the action independently. Achrem v. Expressway Plaza Ltd. Partnership, 917 P.2d 447, 449 (1996). Accordingly, under Nevada law an assignment of a tort claim is invalid.

##### 3. Breach of the Implied Covenant of Good Faith and Fair Dealing in Contract and Tort

"It is well established within Nevada that every contract imposes upon the contracting parties the duty of good faith and fair dealing." Hilton Hotels Corp. v. Butch Lewis Productions, Inc., 862 P.2d 1207, 1209 (Nev. 1993). However, a wrongful act giving rise to either tort or contractual remedies must be "committed during the course of a contractual relationship." Id.

#### B. Analysis

Plaintiff's Twelfth, Thirteenth, and Fourteenth causes of action cannot stand to the extent that they constitute tort claims assigned by VFS and asserted by Plaintiff. Achrem, 917 P.2d at 449. Moreover, there was no requisite contractual relationship between Plaintiff and the

1 Bosworths, and thus there was no breach of the implied covenant of good faith in fair dealing in
2 contract as alleged by Plaintiff in its Ninth cause of action, and no breach of the implied
3 covenant of good faith in fair dealing in tort as alleged by Plaintiff in its Tenth cause of action.
4     Accordingly,
5     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, to the extent that
6 Plaintiff's Twelfth, Thirteenth, and Fourteenth causes of action pertain to tort claims assigned
7 by VFS to Plaintiff, Defendants' Motion (#455) is GRANTED, and all such tort claims are
8 dismissed;
9     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, to the extent that
10 Plaintiff's Ninth and Tenth causes of action are asserted against the Bosworths, Defendants'
11 Motion is GRANTED.
12     DATED January 3, 2012.

_____
UNITED STATES DISTRICT JUDGE