TERRY J. CARE, ESQ.
Nevada Bar No. 4560
PATRICK J. MURCH, ESQ.
Nevada Bar No. 10162
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
tcare@mcdonaldcarano.com
pmurch@mcdonaldcarano.com

*Attorneys for Nick Balli; NRL San Antonio,
NRL Texas, Bosworth Defendants;
and Marine Quest Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VOLVO CONSTRUCTION EQUIPMENT RENTS, INC.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NRL RENTALS, LLC, NRL TEXAS RENTALS, LLC, NRL SAN ANTONIO RENTALS, LP, NRL HIGH ACCESS, LLC, VEGAS RENTS, LLC, ROBERT BALLI, HILARY BALLI, R& H.P. BALLI FAMILY TRUST, NICK BALLI, LARRY CHAVEZ, BOSWORTH FARMS, INC., DWIGHT BOSWORTH, MARCEL BOSWORTH, MARINA QUEST, INC., MARINE QUEST-JOE POOL, INC., MARINE QUEST-TEXOMA, LP, MARINE QUEST TEXOMA II, LP, MARINE QUEST-CAPTAINS COVE, LP, MARINE QUEST-EAGLE MOUNTAIN, LP, MARINE QUEST-ANDERSON MILL, LP, MARINE QUEST-MARSHALL FORD, LP, MARINE QUEST-HARBOR ONE, LP, MARINE QUEST-BOZ I, LP, MARINE QUEST-HIDDEN COVE LP, MARINE QUEST-EXECUTIVE, LP, MARINE QUEST-CHANDLER'S LANDING, LP, MARINE QUEST-LAKE COUNTRY, LP, MARINE QUEST-INVESTMENTS, LP, TARRANT COUNTY MARINE ENTERPRISES, INC., LAKE COUNTRY MARINA, INC., ELITE MARINE MANAGEMENT, LLC, JEFFERSON BANK, PLAINSCAPITAL BANK,<br><br>　　　　　Defendants. | Case No.: 2:09-cv-00032-JCM -VCF<br><br>**ORDER REGARDING (1) PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT DWIGHT BOSWORTH ON PLAINTIFF'S CLAIMS FOR CONVERSION AND UNJUST ENRICHMENT (#471); AND (2) DEFENDANTS' COUNTERMOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS FOR CONVERSION AND UNJUST ENRICHMENT (#485)** |

Presently before the court is (1) the Motion for Partial Summary Judgment Against Defendant Dwight Bosworth on Plaintiff's Claims for Conversion and Unjust Enrichment (Plaintiff's Motion) (#471) filed by Plaintiff Volvo Construction Equipment Rents, Inc. (Plaintiff); and (2) the Counter-Motion for Partial Summary Judgment on Plaintiff's Claims for Conversion and Unjust Enrichment (Defendants' Countermotion) (#485) filed by Defendants Nick Balli; Marcel Bosworth; Dwight Bosworth; Marine Quest, Inc.; Marine Quest-Joe Pool, Inc.; Marine Quest-Texoma, LP; Marine Quest-Texoma II, LP; Marine Quest-Captains Cove, LP; Marine Quest-Eagle Mountain, LP; Marine Quest-Anderson Mill, LP; Marine Quest-Hidden Cove, LP; Marine Quest-Executive, LP; Marine Quest-Chandler's Landing, LP; Marine Quest-Lake Country, LP; Marine Quest-Investments, LP; Tarrant County Marine Enterprises, Inc.; Lake Country Marina, Inc.; and Elite Marine Management, Inc. (collectively, Defendants).

In relation to Plaintiff's Motion, Defendants filed a response in opposition (#484), and Plaintiff filed a reply (#507). In relation to Defendants' Countermotion, Plaintiff filed an opposition (#508), and Defendants filed a reply (#518).

## I. INTRODUCTION

These competing motions pertain to the propriety of a $390,000.00 wire transfer from a deposit account held by Defendant NRL Rentals, LLC to a deposit account held by Defendants Dwight and Marcel Bosworth. Plaintiff contends that Dwight Bosworth converted, and/or was unjustly enriched in the amount of, $390,000.00 because Plaintiff had a security interest in the account from which the funds were transferred. Because Plaintiff failed to assert a claim to those funds prior to the transfer, however, its claims for conversion and unjust enrichment as to those funds must be decided in favor of all of Defendants as a matter of law.

## II. RELEVANT FACTS

On March 12, 2005, NRL Rentals, LLC (NRL Las Vegas) executed a security agreement (the Security Agreement), pursuant to which, among other things, NRL Las Vegas granted non-party Volvo Financial Services (VFS) a security interest in the equipment, inventory, and accounts (including deposit accounts), and the proceeds of all of the foregoing,

of NRL Las Vegas. Plaintiff is the successor-in-interest to the rights of VFS under the Security Agreement.

On August 31, 2007, in connection with a promissory note executed by NRL Las Vegas in favor of Jefferson Bank, Jefferson Bank wired $400,000.00 to a PlainsCapital Bank deposit account held by NRL Las Vegas. On September 4, 2007, NRL Las Vegas wired $390,000.00 (the Loan Proceeds) to a PlainsCapital deposit account held by Defendants Dwight and Marcel Bosworth. Plaintiff did not seek to exercise any rights under the Security Agreement during the time that the Loan Proceeds remained in the NRL Las Vegas Account.

Defendant Tarrant County Marine Enterprises, Inc. (TCM), eventually repaid the loan, with interest.

### III.   DISCUSSION

   A.   **Legal Standards**.

      1.   **Summary Judgment.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir. 1996). An issue is genuine only if there is a sufficient evidentiary basis upon which a reasonable finder of fact could find for the nonmoving party, and a dispute is material only if it could affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 371, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, via affidavits, deposition testimony, answers to interrogatories, or admissions, specific facts demonstrating that there is a genuine issue of fact to be tried. Id. at 324; Fed. R. Civ. P. 56.

**2.     Unjust Enrichment.**

To make out its claim for unjust enrichment, Plaintiff must demonstrate that (1) it conferred a benefit (direct or indirect) on the Defendants; (2) Defendants appreciated such benefit; (3) Defendants accepted and retained such benefit; and (4) it would be inequitable for Defendants to retain such benefit without paying Plaintiff therefor. Unionamerica Mtg. v. McDonald, 626 P.2d 1272, 1273 (Nev. 1981).

**3.     Conversion.**

To prevail on its conversion claim, Plaintiff must prove (1) that Defendants wrongfully exerted a distinct act of dominion over Plaintiff's personal property; (2) in denial of, or inconsistent with Plaintiff's title or rights therein; or (3) in derogation, exclusion, or defiance of such title or rights. Wantz v. Redfield, 326 P.2d 413, 414 (Nev. 1958).

**B.     Analysis.**

Any security interest that Plaintiff may have had in the NRL Las Vegas Account pursuant to the Security Agreement did not extend to all funds that were ever transferred into that account. Thus, absent an affirmative claim against the NRL Las Vegas Account during the time that funds (including the Loan Proceeds) were present in that account, NRL Las Vegas was free to transfer such funds (including the Loan Proceeds) from the account. Moreover, because TCM repaid the loan with interest, Plaintiff cannot demonstrate that any of the Defendants (including Dwight Bosworth) converted, or were unjustly enriched by, any amount of the Loan Proceeds.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion (#471) is DENIED.

///

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, to the extent that the Fifteenth and Seventeenth Causes of Action (unjust enrichment and conversion, respectively) in Plaintiff's First Amended Complaint (#127) pertain to the Loan Proceeds, Defendants' Countermotion (#485) is GRANTED.

DATED January 3, 2012.

_____
UNITED STATES DISTRICT JUDGE

5