# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

VOLVO CONSTRUCTION EQUIPMENT RENTS, INC,

    Plaintiff,

v.

NRL TEXAS RENTALS, LLC., *et al.*,

    Defendants.

2:09-cv-00032-JCM -VCF

**O R D E R**

Before the court is plaintiff Volvo Construction Equipment Rents, LLC's (hereinafter "Volvo") Motion for Payment of Fees and Expenses. (#577). Defendants NRL Texas Rentals, LLC, *et al* filed an Opposition (#578), and plaintiff filed a Reply (#579).

**Background**

Plaintiff filed its complaint (#1) on January 6, 2009, alleging that over thirty "directly related and controlled defendants" were involved in a "complex scheme of fraud, conversion, concealment and misrepresentations perpetrated upon Volvo." (#1). In response to the complaint, defendants asserted several affirmative defenses and counterclaims[1]. (#47 and #49). On August 31, 2011, the defendants filed a motion to extend time, asking this court to extend discovery at least forty-five (45) days from the time the court rules on the motion. (#490). Defendants argued that this extension was necessary because they needed to conduct several depositions, and the plaintiff refused to agree to the extension or to setting the depositions. *Id*. Defense counsel asserted that the depositions were not conducted earlier, because counsel "simply wasn't prepared financially until very recently to engage in the discovery which, ideally, [d]efendants would have pursued long ago." *Id.*

---

[1] Judge Mahan held a hearing on December 7, 2011, and granted plaintiff's motion (#511) to dismiss or for summary judgment against defendants' counterclaims.

On December 9, 2011, the court entered an order holding "that defendants are entitled to conduct the requested depositions, and that conducting the depositions will not prejudice the plaintiff." (#546). The court permitted defendants to conduct five depositions, but did not extend discovery for any other purpose. *Id.* The court also stated that "[t]he defendants shall bear the costs of the depositions, including, but not limited to, plaintiff's attorney's fees," and that "[p]laintiff shall provide the court with an affidavit and supporting documentation demonstrating their fees and costs incurred as a result of the depositions." *Id.*

In January 2012, the parties engaged in mediation with a private mediator, but were unable to reach an agreement. (#577). On January 4, 2012, the parties filed a stipulation to extend defendants' deposition deadline for an additional fifteen (15) days. (#567). The court signed the stipulation on January 5, 2012. (#568). Upon the agreement of the parties, the following depositions occurred: (a) Marty Moore, January 27, 2010, in Omaha, Nebraska; (b) Barry Natwick, February 2, 2012, in Shippensburg, Pennsylvania; (c) Evan Brumm, February 3, 2012, in Shippensburg, Pennsylvania; (d) George Swarts, February 6, 2012, in Las Vegas, Nevada; and (e) Volvo Financial Services Rule 30(b)(6) Representative, February 7, 2012, by telephone. (#577). The depositions were conducted by defense counsel Terry Care. *Id.* Plaintiff asserts that "in connection with the depositions," plaintiff was represented by James Kilroy (partner), Brian Gaffney (senior associate), Eugene Kim (junior associate), Colin Trottnow (paralegal), and Virginia O'Connor (paralegal assistant). *Id.*

**Motion For Payment of Fees and Expenses (#577)**

Plaintiff asserts that it has "incurred $46,434.40 in attorneys' and paraprofessional fees in connection with the depositions," and that in addition to the fees, plaintiff "incurred $6,964.71 in costs including, but not limited to, travel expenses." (#577-1 James Kilroy Affidavit). Plaintiff asserts that it has not charged defendants for time spent traveling, and that the attorneys' fees incurred "in connection with the depositions were necessary and actually incurred." *Id.* Plaintiff's attorneys also assert that they bill plaintiff at a discounted hourly rate, and that the discount is being passed along to

defendants as follows: (a) James Kilroy: $416.00; (b) Brian Gaffney: $248.00; (c) Eugene Kim: $160.00; (d) Colin Trottnow: $140.00; and (e) Virginia O'Connor: $92.00. *Id.*

Plaintiff asserts that it has "met and conferred with counsel for (the represented) [d]efendants" regarding the attorneys' fees and costs owed, and that the defendants oppose the motion. (#577). Plaintiff asks this court to enter an order requiring defendants to pay plaintiff's attorneys' fees and costs associated with the depositions. *Id.* Plaintiff provided the court with an itemized list of the attorneys' fees and costs associated with the depositions. (#577-2 Exhibit 1).

In defendants' opposition, they asserts that they "do not question that the entries detailed as to date, time, and specific attorney in Exhibit 1 to the Affidavit of James D. Kilroy are accurate" or that "some preparatory review of the file would have been justified." (#578). Defendants contend, however, that the court should deny the motion to the extent the fees sought include: 1) prior to the depositions, new counsel reviewing documents and deposition transcripts in order to get up to speed on the case overall; 2) prior to the Natwick, Brumm, and Swarts depositions, counsel meeting with Volvo's two employees and expert to discuss the examinations beyond the extent necessary to brief them on the mechanics of a deposition in which Volvo's counsel would be asking no questions; 3) prior to the examination of Moore, a former Volvo employee, document review beyond the extent necessary for a deposition in which Volvo's counsel likely would be asking no questions; and 4) prior to the Natwick, Brumm, and Moore depositions, document review by counsel who did not attend any of those depositions, and, in fact, is not named as Volvo's counsel of record. *Id.*

In reply, plaintiff argues that this court should grant the motion for attorneys' fees (#577), because "(1) this [c]ourt ordered the [d]efendants to pay all of [plaintiff's] reasonable attorneys' fees and costs in connection with the depositions before the depositions took place, and the [d]efendants chose to proceed with the depositions with this knowledge; (2) but for the depositions, the [d]isputed [f]ees...would not have been incurred; and (3) the [d]isputed [f]ees incurred by [plaintiff] were reasonable in light of all the facts and circumstances of this case." (#579). Plaintiff asserts that prior

to conducting the depositions, defendants requested an estimate of the attorneys' fees, and plaintiff provided defendants with an estimate of $50,000, not including costs. *Id.* The total amount reflected in the bills provided by plaintiff is $46,434.40 in attorneys' fees and $6,964.71 in costs. *Id.* Plaintiff argues that defendants knew they were required to pay plaintiff's attorneys' fees, "had a realistic estimate prior to conducting the five depositions," and that they chose to proceed with the depositions. *Id.* Defendants assert that "[w]hile [d]efendants are not positioned to revise the computations, they respectfully submit that the more appropriate figure [for attorneys' fees] is $28,000," rather than the $45,600 sought by plaintiff. (#578).

        **A.**    **Documents, Pleadings, and Deposition Transcript Reviews By Attorneys James Kilroy and Brian P. Gaffney**

Defendants asserts that they understand "[a]ttorney Kilroy...preparing for those depositions by undertaking some document and pleadings review, [a]ttorney Gaffney doing the same, and then the two of them discussing anticipated questions," but that much of the time devoted for doing so "exceeds reasonableness, and can instead be attributed to Volvo's election to retire former counsel and substitute present counsel who naturally had to familiarize themselves with the file and details of an action filed roughly three years earlier." (#578). Defendants list tasks undertaken by these attorneys which they dispute in paragraphs a-k of the opposition. *Id.* The total number of hours in dispute with regard to these attorneys is 47.1 hours. *Id.* Defendants argue that they should not be "required to foot the bill for the entirety" of the hours, even if they were spent in deposition preparation. *Id.*

With regard to Kilroy and Gaffney's disputed fees, plaintiff asserts that while "[c]ounsel for [plaintiff] took this matter over in December of 2011, and has spent a great deal of time reviewing the file and coming up to speed," "each time entry submitted by [plaintiff] for the [d]isputed [f]ees was incurred *solely* in connection with the depositions." (#579). Plaintiff also argues that since the deponents were individuals who were "intimately connected with the underlying facts and claims in this litigation and were heavily involved in the underlying transactions and disputes," it was "absolutely

1  critical for [plaintiff's] counsel to delve into the documents and deposition transcripts to learn exactly
2  what part these parties played, what documents they executed, what they said, and what other parties
3  had said about them..." *Id.*  Plaintiff asserts that "to do anything less would have resulted in insufficient
4  representation for [plaintiff]." *Id.*

5  "The fact that [plaintiff's counsel] asked no questions during [the depositions] is neither here
6  nor there," plaintiff argues, and "should not affect whether the [d]isputed [f]ees were reasonably
7  incurred." *Id.*  Plaintiff states that only one of the five depositions was a Rule 30(b)(6) deposition, and
8  as such, plaintiff's counsel "did not know what topics the [d]efendants would cover in [four of the]
9  depositions," and was forced to review all documents and cover all topics with the deponents to fully
10 prepare them. *Id.*

11 The court recognizes the need for new counsel to review documents and deposition transcripts
12 in preparation for depositions, and the fact that some of this review would not have been necessary if
13 undertaken by prior counsel.  The court will adjust the disputed fees accordingly. The disputed fees
14 billed by attorneys Kilroy and Gaffney total $15,696.00.  (#579).  After taking the total fees in dispute
15 ($15,696.00) and subtracting 25% ($3,924.00) for time spent reviewing documents not directly related
16 to the depositions, but for new counsel to familiarize themselves with the file in general, defendants are
17 responsible for $11,772.00 of the disputed fees relating to Kilroy and Gaffney.

18 **B.     Hours Billed By Attorney Eugene Kim**

19 Attorney Eugene Kim billed 5.80 hours for the review of documents in preparation for
20 depositions of M. Moore, B. Natwick, and E. Brumm, at an hourly rate of $160.00, for a total of
21 $928.00.  (#577-2 Exhibit 1).  Defendants assert that since attorneys for defendants have never
22 communicated with attorney Kim and attorney Kim did not attend any of the depositions, defendants
23 should not be billed for the 5.80 hours of review.  (#578).  Plaintiff asks this court to overrule
24 defendants' objections relating to attorney Kim, as he "is a second-year litigant associate...who often
25 assists Messrs, Kilroy and Gaffney on various matters, including this matter." (#579). Plaintiff also

26                                                    5

asserts that since Kim's rate is lower, he is often "utilized for tasks that are suitable for his experience and billing rate such as reviewing documents and conducting legal research." *Id.* Plaintiff states that it "know[s] of no law, rule, guideline, or standard that limits who can work and bill on a matter," and that there is no federal or local rule "which prohibits an attorney from working on a matter if he or she is not listed on the pleadings." *Id.* As such, plaintiff asks this court to overrule defendants' objection relating to attorney Kim's fees.

The total disputed fees in relation to attorney Kim is $928.00. (#579). The court agrees with plaintiff that no federal or local rule forbids associates who are not listed on the court's docket or named on the pleadings from performing tasks and billing for those tasks. As the junior associate's hourly rate of $160.00 is substantially lower than the partner's and senior associate's hourly rates of $416.00 and $248.00, defendants are saving money by plaintiff having attorney Kim perform 5.80 hours of document review in preparation for the upcoming depositions. Defendants' objections to attorney Kim's fees are overruled.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Volvo Construction Equipment Rents, LLC's Motion for Payment of Fees and Expenses (#577) is GRANTED in part and DENIED in part, as discussed above. Defendants shall pay plaintiff's attorneys' fees and costs totaling $49,475.11, as adjusted herein by the court, within thirty (30) days from the entry of this order.

DATED this 15th day of May, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**