UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VOLVO CONSTRUCTION
EQUIPMENT RENTS, INC.,

Plaintiff,

v.

NRL RENTALS, LLC, et al.,

Defendants.

2:09-CV-32 JCM (VCF)

**ORDER**

Presently before the court is defendants' motion for attorney fees. (Doc. # 660). Defendants filed a supplement to their motion. (Doc. # 665). Plaintiffs filed a response in opposition (doc. # 674), and the defendants filed a reply (doc. # 677).

**I.  Background**

This case has a long and complicated factual and procedural history, most of which is irrelevant to deciding the instant motion. The court will discuss only the facts most pertinent to deciding the instant motion.

Between 2004 and 2006, certain individual and entities defendants in this litigation entered into a series of agreements with Volvo Rents for the purposes of opening, operating, and/or facilitating the purchase of certain equipment for two Volvo-branded construction equipment rental franchises in Las Vegas, Nevada, and San Antonio, Texas. Some of the individual and entity defendants guaranteed performance of the franchise and loan agreements. Volvo Rents guaranteed

the defendants' payment obligations to its financing affiliate VFS.

The two relevant franchises in this lawsuit were NRL Rentals in Las Vegas, Nevada, and NRL San Antonio in New Braunfels, Texas. Robert Balli ("Balli"), a defendant, sought to open the two franchises. Volvo Rents would not approve Balli as a franchisee due to his inadequate (according to Volvo Rents) financial strength. Volvo Rents required Balli to seek additional capital from partners and/or investors. Balli turned to childhood friends Dwight and Marcel Bosworth (the "Bosworths") for additional capital. The Bosworth supplied some additional capital.

At the outset of the national recession in the fall of 2008, both NRL Rentals and NRL San Antonio began to perform poorly and experienced substantial financial difficulties and began to fall consistently behind on their loan obligations. In the wake of the franchises struggles, Volvo Rents tasked some of its employees with conducting operational and financial audits of the franchises.

Based on what the team uncovered as part of its audit, Volvo Rents filed the instant lawsuit. Many of the defendants were found to be liable as guarantors of the two franchises. Volvo Rents also sought to pierce the corporate veil and find (1) the Bosworths liable as guarantors and (2) pierce the corporate veil to the Bosworths' corporate entities known as the Marine Quest entities.

This case proceeded to a bench trial. Plaintiff Volvo Rents put its case in chief on for approximately three and a half days. On the fourth day, this court granted defendants' motion pursuant to Federal Rule of Civil Procedure 52©.

**II.     Legal Standard**

Federal Rule of Civil Procedure 54(d)(2)(B)(ii) provides that a motion for attorneys' fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." "A party moving for attorney's fees must therefore assert an independent source of authority for an award." *Assurance Co. of America v. Nat'l Fire & Marine Ins. Co.*, 2:11-cv-00275-JCM-GWF, 2012 WL 6626809, at *1 (D. Nev. Dec. 19, 2012).

In an action where a district court is exercising its subject matter jurisdiction over a state law claim, so long as "state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a

substantial policy of the state, should be followed." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n. 31 (1975). "Nevada follows the American rule that attorney fees may not be awarded absent a statute, rule, or contract authorizing such award." *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90 (Nev. 2006).

A court may grant a motion for attorneys' fees:

> [W]hen the court finds that the claim . . . was brought or maintained without reasonable ground or to harass the prevailing party. The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations. It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

NRS 18.010(2)(b). The award of attorneys' fees pursuant to NRS 18.010(2)(b) resides within the discretion of the court. *Clark Cnty. v. Blanchard Constr. Co.*, 98 Nev. 488, 492, 653 P.2d 1217, 1220 (Nev. 1982).

### III. Discussion

At trial, witnesses for Volvo Rents testified that it had dozens of franchisees across the United States and Canada at the relevant time period. Volvo Rents employees experienced in the construction rental business and the employees that conducted the audits found several things alarming about the operations of the two franchises in this lawsuit.

A non-exhaustive list of the suspicious actions by the franchises, Balli, and the Bosworths included: (1) equipment on the books that could not be located; (2) equipment that had been sold and not recorded in the V-Rents system (a system for tracking rented and sold equipment); (3) "zero" rent contracts to insiders such as Balli and Tarrant County Marine Enterprises, Inc., which is one of the Marine Quest defendants and an entity owned by the Bosworths; (4) equipment that constituted VFS' collateral that was in the possession of the Marine Quest defendants without VFS' permission or knowledge; (5) equipment that was not booked as inventory in the V-Rents system, but was being rented to customers; and, (6) equipment that was rented to a fictitious entity called "L&M Contractors," which stood for "lost and missing." Additionally, at trial, one of the Bosworth

defendants admitted that certain transactions between himself and the franchises were "highly unusual."

Based on the foregoing facts and discovery concerning those facts, Volvo Rents aggressively pursed the instant litigation. However, even after liberally construing the sections of NRS 18.010(2)(b), as instructed by the text of the statute, the court cannot conclude that the plaintiff's claims were brought or maintained without reasonable ground or to harass the Bosworth defendants. The court further finds that plaintiffs' claims were not frivolous or vexatious. Plaintiffs believed that the actions by the Bosworths, Balli, and the two NRL franchises, specifically shifting money and assets, failed to observe proper corporate formalities.

Plaintiffs brought their claims because the activities of the franchises and the Bosworths appeared highly unusual. After hearing the evidence presented, the court made findings of fact and conclusions of law pursuant to Rule 52©. Defendants attempt to equate their success on a Rule 52© motion with a de facto finding that plaintiff's claims were also frivolous under NRS 18.010(2)(b).

The court refuses to do so and the motion is denied. Simply, a party may lose a bench trial pursuant to a Rule 52© motion without the claims or the pursuit of the claims in the lawsuit falling with the frivolous, harassing, or vexatious definitions captured by NRS 18.010(2)(b). The instant case is such a circumstance. Plaintiffs lost, but their claims were not frivolous, harassing, or vexatious.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for attorney fees (doc. # 660) be, and the same hereby, is DENIED.

DATED July 23, 2013.

_____
UNITED STATES DISTRICT JUDGE